## FAIRBANKS' ESTATE v. COMMISSIONER OF INTERNAL REVENUE.

### No. 10132.

Circuit Court of Appeals, Fifth Circuit.

June 2, 1942.

Rehearing Denied July 7, 1942.

George Dudley Fairbanks, in pro. per., of Brownsville, Tex., for petitioner.

F. E. Youngman, J. Louis Monarch, and Joseph M. Jones, Sp. Assts. to the Atty.

Gen., Samuel O. Clark, Jr., Asst. Atty. Gen., and J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and Ralph F. Staubly, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

SIBLEY, Circuit Judge.

George Dudley Fairbanks, claiming to be administrator of his deceased wife Margaret McAllen Fairbanks, petitioned the Board of Tax Appeals praying that an assessment by the Commissioner of estate taxes against his wife's estate be corrected; that his own return for such taxes (which showed none due) be approved, and that the existing assessment be cancelled, and a new one be made; and that the Board adjudge that a warrant for distraint which was enforced against his bank account be declared unlawful, and that necessary orders be issued to recover the money collected on it. The Board dismissed the petition for lack of jurisdiction.

The facts which may be spelled out of the petition are that Mrs. Fairbanks died a resident of Texas, leaving a large amount of community property in the hands of her husband as the survivor in community. She also left a will appointing other persons as executors, who apparently qualified as such. They made an estate tax return, after he at their request had given them all data in his knowledge under an agreement "to report his claims for deduction in a special paragraph of their return, but it was not done." He then made a return himself. The Commissioner assessed a tax in accordance with the return of the executors in an amount of $9,443, ignoring the return filed by petitioner. The Collector of Internal Revenue gave written notice of this tax to "Est. Margaret McAllen Fairbanks, Argyle Ashley McAllen, Co-Exec., Linn, Tex." Shortly afterwards petitioner was notified by his bank that it had been forced to pay the tax out of a partnership account of himself and wife, to his personal loss of $1,914.

It is plain that the Board has no power to control the Collector or make him refund any money he may have wrongfully taken. The Board is established to assist the Commissioner, in a prescribed way, in properly assessing taxes. Section 871(a) of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 871(a), provides that if the Commissioner finds a deficiency in estate tax, he shall send a notice to the executor by registered mail, and within ninety days thereafter the executor may file a petition with the Board for a redetermination of the deficiency. That is all the Board can do. The Section expressly states that a distraint pending decision by the Board may be enjoined by the proper court.

As to redetermining the tax, the Board thought there was no deficiency assessed and no deficiency notice given, and no petition by the executors; and therefore it had no jurisdiction to entertain this petition for purposes of redetermination. A deficiency is defined in Section 870, Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 870, as the amount by which the tax imposed exceeds the amount shown as the tax by the executor upon his return. It appears here that the tax assessed was that shown by the executors' return, and no deficiency was assessed and no deficiency notice given. The executors did not petition the Board for any relief. The tax collected appears to be that which the executors admit the estate owes. Section 821, Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 821, requires the executor to make the return, and provides that if he is unable to make a full one, a return may be required of any part of the estate in the hands of another by that other person in possession. This petitioner might, as to the community property in his hands, have been called on for a return of it, but he was not. He had given full information to the executors. We hold that, though under Revised Civil Statutes of Texas, Art. 3663, he is entitled to administer the community as survivor without appointment by the probate court (Davis v. Magnolia Petroleum Co., Tex.Civ.App., 105 S.W.2d 695), he is not thereby made the personal representative of his wife's estate as against duly appointed executors, and is not "the executor" required by the federal statute to make the estate tax return and authorized to contest before the Board the tax assessed. The Commissioner was not bound to act on the return the petitioner volunteered. He cannot thereby usurp the right and duty of the executors to settle the amount of the tax. The Board rightly refused to redetermine this tax on his petition. If the executors cause him loss by negligence or bad faith in executing their

duties, he has remedies against them in the courts, but not before the Board of Tax Appeals.

The order of dismissal for want of jurisdiction is affirmed.