UNITED STATES of America,
Appellant,

v.

J. E. STONE et al., Appellees.

No. 17058.

United States Court of Appeals
Fifth Circuit.

June 30, 1958.

Kenneth E. Levin, Melva M. Graney, Fred E. Youngman, Lee A. Jackson, Attys., Dept. of Justice, Washington, D. C., Charles K. Rice, Asst. Atty. Gen., Dept. of Justice, William M. Steger, U. S. Atty., John L. Burke, Jr., Asst. U. S. Atty., Tyler, Tex., for appellant.

Marion G. Holt, Edmund F. Benchoff, Nacagdoches, Tex., for appellee.

Before HUTCHESON, Chief Judge, and TUTTLE and CAMERON, Circuit Judges.

HUTCHESON, Chief Judge.

Based on its holding that the statute of limitations had run against collection of 1947 income taxes against Mary Stone, deceased, the district judge entered judgment that plaintiff take nothing on its claim for these taxes and that its prayer for foreclosure of its lien for the amount of said taxes be denied.

Appealing from that judgment, the United States is here urging one point, that the district court erred, under the facts and the law, in holding that the statute of limitations had run against collection of the tax.

The facts material to the issue involved are not in dispute and may be thus briefly stated:

This action was brought by the United States to collect income taxes, with interest, assessed against the taxpayer and his wife, since deceased, for the years 1947, 1949, and 1950, and to foreclose federal tax liens therefor against certain described premises owned by the taxpayer and his wife, which, from some time prior to 1947 until the death of the wife on February 25, 1952, were claimed and occupied as their homestead. The facts material to the issue involved on this appeal are not in dispute, and are included in the District Court's lengthy memorandum decision.

In September 1949, the Commissioner of Internal Revenue made an assessment of $7,922.59 as taxes upon the income of Mary Stone for the calendar year 1947, together with interest thereon in the sum of $696.88, making a total assessment of $8,619.47, and made like assessments against J. E. Stone. The lists containing these assessments were received by the Collector of Internal Revenue on Sept. 26, 1949, who, within ten days of receipt thereof, issued notice to and made demand upon each for the payment of such assessments.

On January 13, 1950, the Collector filed notices of such assessments with the Clerk of the County Court of Nacogdoches County, Texas, claiming a lien on behalf of the United States for the amount of the assessments against all of the property belonging to Mary Stone and to J. E. Stone, respectively. Payments were thereafter made and credits allowed upon each of these assessments in the amount of $4,370.61, so that at the time the complaint was filed there remained unpaid upon each assessment the sum of $4,248.84, plus interest as allowed by law.

Mary Stone, wife of the taxpayer, died testate on February 25, 1952. Subsequent to her death her last will and testament was duly filed for probate, and on August 24, 1953 admitted for probate in the Probate Court of Nacogdoches County, Texas. Under the terms of her will, the decedent bequeathed to her husband, the taxpayer, a life estate in all her property with remainders over to her seven children. The will named Clyde and Sidney Stone, two of her sons, as executors, but they did not qualify as such until March 4, 1957.

The original complaint herein was filed July 26, 1955. The answer of J. E. Stone to the merits disclosed for the first time, so far as the record is concerned, that Mary Stone had died and that two of her unmarried daughters who were residing on the property described in the complaint had a homestead interest in the premises and were necessary parties to the suit.

On Sept. 2, 1955, J. E. Stone, as "Community Survivor of the Estate of Mary Stone", filed an answer of the Estate of Mary Stone, in which "the defendant, the Estate of Mary Stone, adopts in its entirety the pleadings of the defendant, J. E. Stone, on file in this case."

On April 25, 1957, the United States filed its amended complaint herein, naming as defendants, in addition to those named in the original complaint, the surviving children of Mary Stone and the newly qualified independent executors of the estate of Mary Stone, deceased. Other than making the additional parties defendants and the allegations made in connection with the making of such additional defendants, the amended complaint was substantially the same as the original complaint. Answers to the amended complaint were filed by Irene Stone and Fannie Mae Stone, by Sidney Stone, individually and as one of the independent co-executors of the estate of Mary Stone, deceased, and Mary Louise Stone Curie and husband, and by Clyde Stone, not individually, but as one of the co-executors of the estate of Mary Stone, deceased, in all of which the statute of limitations was pleaded for the first time as a bar to the collection of taxes and interest assessed against the decedent for the year 1947.

On these facts the District Court held that the Government did not proceed against the Estate of Mary Stone, deceased, to collect the 1947 taxes assessed against Mary Stone until the amended

complaint was filed by plaintiff, making the executors of the Estate of Mary Stone, deceased, parties to such action, and that at that time collection was barred. The Government has appealed from this part of the court's decision.

In complete disregard of the fact: that the sole issue presented in this case is whether the separate income tax liability of Mary Stone, deceased, for the year 1947 is barred by the statute of limitations; that the lien sought to be foreclosed is only an incident to the claim for taxes it secures; and that, the claim for taxes barred, the lien falls with it, the United States argues this case as though the question involved here was whether the homestead property was community property of the Stones and was, therefore, subject to the federal lien for taxes assessed against the wife.

Stating: "This action is to foreclose a tax lien on real property owned by the taxpayers and is essentially an action in rem or quasi in rem", the United States argues: "The lien for 1947 taxes assessed against Mary Stone arose and was recorded prior to the date of her death and was not in any way affected by the death and any interest in the property acquired by her devisees was taken subject to the lien."

No one disputes these contentions. What and all that is in question here is whether the suit to collect the tax was timely filed and prosecuted. The United States had six years plus the one year provided in Article 5538, Vernon's Texas Civil Statutes for tolling the statute after death, or a total of seven years, and the suit against Mary Stone's executors and devisees was not brought until nearly eight years had elapsed. It is quite plain that unless the filing of the suit against Mary Stone after her death operated to toll the statute, the taxes are barred and the judgment was right.

No statute or decision is called to our attention, we know of none, holding that a suit against and in the name of a deceased person tolls the statute of limitations. The reliance which the government places on the fact, that the husband was the survivor in community and that his answer filed in the suit as such operated as an appearance, will not do. It is settled law in Texas that the husband, while entitled to administer the community as survivor without appointment by the Probate Court, is not thereby made the personal representative of the deceased wife's estate, Fairbanks Estate v. Commissioner, 5 Cir., 128 F.2d 537, and certainly he is not the representative of her children, devisees under her will.

The issue which the Government has tried to make much of, by debating questions not in the case, is simple and as simply answered.

The judgment was right. It is affirmed.