**Jesse E. HALL, Sr., et al., Appellants,**

v.

**UNITED STATES of America, Appellee.**

No. 25427.

United States Court of Appeals
Fifth Circuit.

Nov. 22, 1968.

Rehearing Denied Jan. 17, 1969.

Certiorari Denied April 7, 1969.
See 89 S.Ct. 1306.

Robert J. Piro, Baker, Botts, Shepherd & Coates, Houston, Tex., for appellants.

Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson, Harry Marselli, Crombie J. D. Garrett, Stephen G. Fuerth, Loring W. Post, Attys., Dept. of Justice, Wash-

ington, D. C., Alex H. McGlinchey, Asst. U. S. Atty., R. B. Cannon, Fort Worth, Tex., for appellee, Melvin M. Diggs, U. S. Atty., of counsel.

Before BELL and SIMPSON, Circuit Judges, and ROBERTS, District Judge.

GRIFFIN B. BELL, Circuit Judge.

This is an interlocutory appeal under 28 U.S.C.A. § 1292(b), from an order denying summary judgment. The focus of the litigation is an effort by the United States to collect taxes from transferees of original taxpayers, the transfers allegedly having been made to defraud the tax collector.

Appellant-transferees sought summary judgment on the ground that no tax had been assessed as to them and that the action was barred by the six-year statute of limitations imposed by § 6502 of the 1964 Internal Revenue Code. 26 U.S.C.A. § 6502. The sole issue presented to us is the validity *vel non* of the denial of this motion for summary judgment. We affirm.

The facts are as follow: unpaid income taxes for the years 1947 and 1948 and 1956 were assessed against Jesse E. Hall, Sr. and his wife, Rhoda O. Hall, on December 11, 1959 and June 3, 1960. On August 3, 1964, Mr. Hall died. On April 6, 1965, the government instituted this action to reduce the Halls' tax liabilities to judgment. On August 3, 1966, the government obtained a default judgment against Rhoda Hall for $487,-724. On October 31, 1966, more than six years after assessments against the Halls, the government amended its complaint so as to allege certain fraudulent conveyances of the Halls' property to appellant-transferees and to name the transferees as defendants. This left the pleadings in the posture of a judgment being sought against Mrs. Hall and the Administrator of Mr. Hall and also a judgment setting aside the conveyances

alleged to have been fraudulent. On the same day a default judgment was entered against Mrs. Hall in the amount of $1,942,856. On November 21, 1966, a partial summary judgment was entered against the Administrator of Mr. Hall in the amount of $1,941,841.

The section of the 1954 Internal Revenue Code upon which appellants rely is § 6502(a) (1):

§ 6502 Collection after Assessment

(a) Length of Period—Where the assessment of any tax imposed by this title has been made within the period of limitation properly applicable thereto, such tax may be collected by levy or by a proceeding in court, but only if the levy is made or the proceeding begun—

(1) within 6 years after the assessment of the tax * * *.

In considering the position of appellants, it is important to note that the assessments were against the taxpayer-transferors and not against the appellant-transferees. We note also that the transferee provisions of the 1954 Code, 26 U.S.C.A. §§ 6901–6903 (assessments against transferees), are not involved in the cause of action being asserted here, i. e., in rem action to set aside fraudulent conveyances ancillary to collecting a judgment against taxpayer-transferors. Moreover, in the view we take of the case, we do not reach the second assignment of error; that suit was not instituted against Mr. Hall within six years after the assessment.[1]

The issue is reduced to whether the government may proceed, in an effort to collect its judgment against taxpayers, to set aside conveyances by taxpayers allegedly made to transferees to defraud creditors where no assessment was made against the transferees for the taxes in question within the six year bar of § 6502, supra. The government relies on

[1] This contention rests on the position that Mr. Hall was deceased when the suit was instituted and more than six years had elapsed before his administrator was

added as a party defendant. Cf. United States v. Stone, 5 Cir., 1958, 257 F.2d 685.

the Texas fraudulent and voluntary conveyance statutes for its cause of action against the transferees. 12A Vernon's Ann.Texas Civil Statutes, §§ 3996, 3997. Additional relief in the form of the imposition of a lien on the properties and their sale to recover the sums due is also sought.

■ Appellants admit that the government may proceed, without any assessment whatever against the transferees, under the state statutes, supra, which authorize the setting aside of fraudulent or voluntary conveyances.[2] On this appeal from the denial of a motion for summary judgment, the government's pleadings must be viewed as sufficient to set aside the conveyances as fraudulent or voluntary under the Texas law. Thus we proceed to the question, which is, in essence, whether the statute of limitation of § 6502 is applicable to bar a suit against third persons in aid of collecting a judgment against a taxpayer. We hold the § 6502 limitation to be inapplicable.

Appellant-transferees place their principal reliance on United States v. Updike, 1930, 281 U.S. 489, 50 S.Ct. 367, 74 L.Ed. 984. There the government instituted proceedings against the stockholders of a dissolved corporation to recover taxes due by the corporation. The stockholders were pursued as transferees under § 280(a) of the 1926 Revenue Act, predecessor to § 6901, supra. The theory of the suit was that the assets of the corporation became trust funds for the use of the United States in satisfaction of the tax liability of the corporation. The assessment against the corporation was seasonable. There was no suit against the corporation. There was no assessment against the stockholders.

The suit against the stockholders was filed more than seven years after the assessment against the corporation. The court held that the suit against the stockholders was barred by the six year period of limitation of the predecessor statute to § 6502, § 278(d) of the Revenue Act of 1926. The court viewed the action against the stockholders as an action for the enforcement of tax liability. We are asked to extend this holding to bar an effort to set aside alleged fraudulent or voluntary conveyances in aid of collecting judgments of the United States against the taxpayer-transferors.

The difference in the causes of action is one of the immediate differences between *Updike* and the case before us. In *Updike* the defendant-stockholders were treated as successors to the corporation in the sense of succeeding to the tax liability of the corporation under the transferee statutes. Here the transferees are not being pursued under the transferee statute nor are they being sued under an implied or resulting trust theory as stockholders or successors. The cause of action against them is in the nature of an ancillary proceeding to collect a judgment against others. The ancillary relief sought is against properties allegedly formerly owned by taxpayer-transferors; no in personam relief is claimed against the transferees.

The cases applying the *Updike* principle demonstrate like factual circumstances from two standpoints. First, there was no timely suit against taxpayer-transferors; stated differently, in each the first effort at collection by suit was against the transferee. Second, in each case the suit was for the taxes due as against an indirect or ancillary effort, as here, to collect a judgment for

---

**2.** Section 3996 deals with conveyances to defraud; § 3997 deals with conveyances made without valuable consideration (voluntary). For a general discussion of tax collection remedies against transferees which are alternative to the 26 U.S.C.A. § 6901 et seq. route, see Mertens, Law of Federal Income Taxation § 53.04 and § 53.34. Section 7402(a) of the Internal Revenue Code of 1954 has been read as allowing the use of state statutes to set aside fraudulent conveyances in tax collection proceedings. See United States v. Schofield, 152 F.Supp. 529 (D.C.E.D.Pa., 1957). Cf. United States v. West Texas State Bank, 5 Cir., 1966, 357 F.2d 198.

taxes due against a transferor. See United States v. Motsinger, 4 Cir., 1941, 123 F.2d 585; United States v. Weisburn, E.D.Pa., 1943, 48 F.Supp. 393; United States v. First Huntington National Bank, S.D.W.Va., 1940, 34 F.Supp. 578, aff., 4 Cir., 1941, 117 F.2d 376. The rationale of each of these cases is that the suit was a proceeding against a transferee on a trust fund theory within the contemplation of § 6502, supra, to collect taxes due. It matters not whether the suit be under the transferee statutes, § 6901 et seq., or alternatively, as a direct suit without assessment.

The opposite situation is presented where the proceeding is not to collect a tax as such but against a third person to collect a judgment against a taxpayer-transferor. In United States v. Oscar Frommel & Bro., 2 Cir., 1931, 50 F.2d 73, transferee-stockholders were held liable under the trust fund theory on a judgment for taxes previously obtained against a corporation. The suit was in pursuit of the assets transferred to the stockholders. The bar of the statute of limitation of a predecessor statute to 6502 was held inapplicable, L. Hand, Circuit Judge, dissenting on the basis of *Updike*.

These cases point up two situations. One is a suit to collect a tax from a third party successor to assets of a taxpayer. The successor may be such by operation of law as in the case of stockholders or as a fiduciary under a trust principle. The other is a suit against a transferee under conveyances made to defraud the United States as a judgment creditor. The latter type suit is in aid of collecting a judgment against transferor-taxpayer for taxes due. We think there is a difference in logic and law between the two. Admittedly the difference lies in one being called a suit to collect taxes, as in the first, and in the other being called a suit to follow assets, fraudulently acquired, in order to collect a judgment against the taxpayer. We perceive these situations to be distinguishable; one, the first, is barred by § 6502 as construed in *Updike;* the other is outside the ambit of § 6502.

Here the United States has judgments against the taxpayer-transferors; its suit against the appellant-transferees was ancillary and is limited to collecting the judgments, once they were obtained.

The District Court did not err in rejecting § 6502 as a bar under the circumstances.

Affirmed.