**UNITED STATES of America,**
**Plaintiff,**

v.

**John BESASE et al., Defendants.**

**Civ. A. No. C 70–367.**

United States District Court,
N. D. Ohio, E. D.

Sept. 14, 1970.

Robert B. Krupansky, U. S. Atty., Robert R. Bauer, Asst. U. S. Atty., Cleveland, Ohio, for plaintiff.

John Kennedy Lynch, Conway & Lynch, Cleveland, Ohio, for defendants.

## MEMORANDUM AND ORDER

WILLIAM K. THOMAS, District Judge.

On April 17, 1970, the Government filed suit against John Besase, George Besase, Sam Besase, Joseph Besase, Angelo Perna, Sam Rappaport, and Ted Maison. Involving a claim for federal excise tax liabilities, fraud penalties, and interest, judgment is sought in the amount of $1,067,889.74. On April 27, 1970, the Government filed its amended complaint. Counts I and II involve the claims of the original complaint and are directed against the original defendants except that the Estate of Joseph Besase has been substituted for Joseph Besase. As new party defendants the amended complaint adds: Josephine Besase, Lucas County State Bank, Cissie Rappaport, First Federal Savings and Loan Association, Anna Perna, Toledo Home Federal Savings and Loan Association, Thelma Kritzer, Sylvania Savings Bank, Rosemarie Besase, Anthony Besase, Jr., George S. West and Pauline A. West.

In newly added count III of the amended complaint, the Government seeks to foreclose federal tax liens against certain property allegedly owned by George Besase, Sam Rappaport, and Angelo Perna. Some of the new defendants are said to claim an interest in these properties. Count IV of the amended complaint seeks to set aside a conveyance of real property owned by defendant taxpayer Joseph Besase, deceased. The transfer to Thelma Kritzer is alleged to be in fraud of the United States. Count V of the amended complaint seeks to enforce tax liens against real property owned by the defendant Joseph Besase. Other new party defendants are alleged to claim an interest in said property.

The original defendants move to dismiss the amended complaint and the new individual defendants also move to dismiss the amended complaint. New defendants Lucas County State Bank, First Federal Savings and Loan Association, Toledo Home Savings and Loan Association, and Sylvania Savings Bank have each filed an answer setting forth that each is a payee on a note and a mortgage to secure the note. Payment of balances owed on these obligations is asked.

First to be considered is the claim of the defendants that

> [T]he complaint and the amended complaint fail to state a claim against these defendants upon which relief can be granted for the reason that it appears on the face of the complaint and the amended complaint that the alleged claims arose more than six years prior to the filing of the action herein * * *.

Section 6502 of the Internal Revenue Code of 1954, 26 U.S.C. § 6502, provides in pertinent part:

> (a) Length of Period—Where the assessment of any tax imposed by this title has been made within the period of limitation properly applicable thereto, such tax may be collected by levy or by a proceeding in court, but only if the levy is made or the proceeding is begun—
>
> (1) within 6 years after the assessment of the tax, * * *

Rule 6(a), Federal Rules of Civil Procedure (as amended July 1, 1970) specifies that in computing any period of time

> [T]he day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, * * *

Cases express the same rule of law but need not be cited. It is sufficient to apply Rule 6(a) to the facts of the original complaint and the amended complaint, and the filing dates stamped on the face of these complaints.

■ The assessment date of April 17, 1964, is excluded, and the last day; namely, April 17, 1970, the date on which the complaint was filed, is included in the computation of time. Thus it is determined that in filing the original complaint on April 17, 1970, the United States of America has complied with the six-year statute of limitations.

Defendants alternately note that the complaint shows on its face that it was filed with the Clerk of this court at 6:12 p. m., April 17, 1970. Defendants further note that the ordinary business of Internal Revenue Services ends at 5:00 p. m., and that assessments made during the day are made prior to 5:00 p. m. Therefore, it is argued that the filing of the complaint at 6:12 p. m. on April 17, 1970, was after the termination of the business day "and thus it was filed after the expiration of six years since the time of assessment."

■ This argument, though ingenious, conflicts with the established rule that in seeking a measure of time "the day is the unit, because people generally measure periods of more than one day by days, months, or years." Burnet v. Willingham L. & T. Co., 282 U.S. 437, 439, 51 S.Ct. 185, 186, 75 L.Ed. 448 (1931). As Mr. Justice Holmes further says in his opinion:

> The fiction that a day has no parts is a figurative recognition of the fact that people do not trouble themselves without reason about a nicer division of time.

See also, 52 Am.J.2d 339, Time § 15.

In the following contention defendants raise the next point to be considered:

> Since the complaint fails to state a cause of action against Sam Besase, for the assessment of $121,748.80, it is clear that the amended complaint which attempts to include him with the others on the claim is barred by the statute of limitations since the amended complaint may not relate back to the date of the original complaint in respect to new parties defendant or new causes of action. [citations]

The original complaint describes two assessments made on April 17, 1964. Paragraph IV of the complaint states that jeopardy assessments for Federal Excise Tax liabilities were made against John Besase, George Besase, Sam Besase, Joseph Besase, Angelo Perna, Sam Rappaport, and Ted Maison, as individuals and as members of a partnership. The amounts listed are $584,474.85 for the periods January 31, 1961, through June 30, 1963; fraud penalties totaling $292,237.49; and interest assessed in the amount of $69,428.60.

Paragraph VI of the complaint states that

> On April 17, 1964, the District Director of Internal Revenue made assessments against John Besase, George Besase, Angelo Perna, Sam Rappaport and Ted Maison, individually and as members of a partnership, for Federal Wagering Excise Taxes in the amount of $79,526.28.

In addition, paragraph VI mentions $39,763.15 in fraud penalties, and interest in the amount of $2,459.37, and the paragraph states that the total for the "taxable periods July 7, 1963, through October 31, 1963," is $121,748.80.

Count I of the amended complaint repeats the claim against all the original defendants set forth in paragraph IV of the original complaint. Count II of the amended complaint repeats the claim set forth in paragraph VI of the original complaint. However, the name of Sam Besase has been added to the names that appear in paragraph VI of the original complaint. Nevertheless, the original complaint names Sam Besase as one of the defendants. Paragraph VII of the original complaint further states that:

> Despite demands for payment, the above named defendants are indebted

to the United States of America in the amount of $1,067,889.74, plus interest thereon according to law.

Necessarily "the above named defendants" include Sam Besase as well as the other defendants who are alleged to be indebted to the United States as to the total amount. The total includes the amounts listed in both the first and the second assessments set forth in paragraphs IV and VI.

■■■ Paragraph IV refers to all the defendants, including Sam Besase, "as individuals and as members of a partnership." Paragraph VI states that the assessments are made against the named persons "individually and as members of a partnership." These various references in the original complaint are broad enough to incorporate a claim against Sam Besase on the second assessment along with the other defendants.

In determining whether an amendment adding or changing a party should relate back to the date of the original pleading, the court should ascertain (1) whether the claim alleged in the amendment arose out of the same transaction, conduct, or occurrence as set forth in the original pleading; (2) whether within the period provided for commencement of the action, the party to be made part of the litigation has received "notice of the institution of the action" and that he will not be prejudiced in maintaining a defense by his inclusion, and (3) whether the party knew or should have known that except for a mistake the action would "have been brought against him." Craig v. United States, 413 F.2d 854 (9th Cir. 1969); *see also* Montalvo v. Tower Life Bldg., 426 F.2d 1135 (5th Cir. 1970). Applying these criteria it is concluded that count II of the amended complaint in adding the name of Sam Besase clarifies the claim against him that was made in the original complaint. It is not a new claim against him as to the second assessment. Instead, the amendment relates back and, therefore, it is not foreclosed by the ending of the period of limitation on April 17, 1970.

As defendants observe:

The amended complaint has withdrawn the name of Joseph Besase as shown in the original complaint and substituted the Estate of Joseph Besase.

It is argued that thus "the pleadings show on their face that action against the fiduciary of the Estate of Joseph Besase, deceased is barred by the statute of limitations."

The implication of this argument is that there is a fiduciary of the Estate of Joseph Besase, deceased. Attached to the brief of the Government are various documents relating to Joseph J. Besase, deceased. These records reveal that Joseph Besase died on June 2, 1963, a resident of Toledo, Lucas County, Ohio. He died intestate and no administration proceedings have been conducted. The certificate of Willis E. Ludeman, judge and ex officio clerk of the Probate Court, Lucas County, Ohio, states that

No fiduciary has been appointed or elected and the above is the full and complete file in this case.

According to the complaints the jeopardy assessments were made on April 17, 1964, upon the original defendants, including Joseph Besase. By this date Joseph Besase was deceased. A fiduciary appointed by said date would have stood in the shoes of Joseph Besase; *see* First National Bank of Chicago v. Commissioner of Internal Revenue, 112 F.2d 260 (7th Cir. 1940); *see also*, 26 U.S.C. § 6903 and 26 C.F.R. § 301.6903–1(a). A notice of assessment might have been given to a fiduciary, had one been appointed. With no fiduciary appointed in Joseph Besase's estate there was none to whom a notice of assessment might be sent. Nevertheless, the assessment was duly recorded, it is presumed. Comparably the death of a taxpayer to whom a deficiency notice is sent does not affect its sufficiency where fiduciary fails to give notice of his appointment. *See,* 26 U.S.C. § 6212(b) and 26 C.F.R. § 301.6212–1(b).

■■■ It is concluded that no one claiming under the Estate of Joseph

Besase can take advantage of the continuing failure to have a fiduciary appointed in the Estate of Joseph Besase. By the same reasoning it is concluded that the absence of a fiduciary against whom the Government may bring an action to collect the unpaid tax liability tolls the six-year period of limitation for the bringing of an action provided by Section 6502, Internal Revenue Code of 1954, 26 U.S.C. § 6502.

Under applicable Ohio probate law both a claim and an action against an estate may only proceed against a fiduciary of an estate. *See,* Ohio Revised Code §§ 2117.06; 2117.12; and 2117.30. The absence of appointment of a fiduciary tolls the time in which claims may be presented against the estate. Whether the Government need present such a claim will be reserved. In any event, it is determined that until an administrator for Joseph Besase, deecased, is appointed, the present claim against the Estate of Joseph Besase cannot proceed. However, the Government can apply to the Probate Court of Lucas County to appoint a fiduciary for his estate.

Last to be considered is the motion to dismiss counts III, IV, and V of the amended complaint. New causes of action, these are brought against parties added as defendants by the amended complaint.

Count III of the amended complaint asks that tax liens be foreclosed on certain parcels of real estate owned by the defendant taxpayers George Besase, Sam Rappaport, and Angelo Perna. Joined as parties defendants who claim an interest in these properties are Josephine Besase, Lucas County State Bank, Cissie Rappaport, First Federal Savings and Loan Association, Anna Perna, and Toledo Home Federal Savings and Loan Association.

In count IV the plaintiff seeks to have set aside a conveyance of real property made to Thelma Kritzer from its owner Joseph Besase, now deceased. Named as additional parties claiming interest in this property are Thelma Kritzer and Sylvania Savings Bank.

Count V of the amended complaint seeks to enforce tax liens against real property owned by the defendant taxpayer Joseph Besase, now deceased. Additional parties added under this count as having an interest in the property are Anthony Besase, Jr., Rose Besase, George S. West, Pauline A. West, and Lucas County State Bank.

It is noted that counts III, IV, and V of the amended complaint filed April 27, 1970, involve new claims and new defendants; and that the complaint recites that the assessment for the taxes in question were made on April 17, 1964. It is argued that these new claims "should not be permitted in an amended complaint but even if permitted, should not be allowed to relate back to the date of the filing of the original complaint." Thus, it is urged that

> [T]he new causes of action and the right to proceed against the new party defendants are clearly barred by the statute of limitations.

Counts III, IV, and V are new claims. They do not relate back to the original complaint. The plaintiff "does not contend that these counts relate back to the original complaint, in order to avoid the statute of limitations." It is plaintiff's position that "these new causes of action are not barred by the statute of limitations in Section 6502, Internal Revenue Code of 1954."

Counts III, IV, and V involve actions to foreclose tax liens, either on property still owned by some of the taxpayers or on property allegedly owned by the taxpayers at the time of the creation of the tax liability and since allegedly transferred in fraud of creditors.

█ Should the Government fail to bring suit against a taxpayer within the six years after assessment allowed by Section 6502, Internal Revenue Code of 1954, 26 U.S.C. § 6502, the Government is thereafter barred from foreclosing a tax lien on the property of a taxpayer. United States v. Stone, 257 F.2d 685, 687 (5th Cir. 1958) points out that "the lien sought to be foreclosed is only an in-

cident to the claim for taxes it secures; and that, the claim for taxes barred, the lien falls with it."

When, however, a timely suit is brought against the taxpayer within the six-year period of limitation, the suit tolls the statute of limitations and an action may be brought after that period to foreclose a tax lien on property of a taxpayer which he has transferred after the imposition of tax lien. *See,* United States v. Haddad, 250 F.Supp. 845 (D. Rhode Island, 1965), aff'd sub nomine Badway v. United States, 367 F.2d 22 (1st Cir. 1966).

Recovery of the unpaid tax liability of a taxpayer may be sought against a transferee of property of the taxpayer where authorized by state law. *See,* United States v. Truax, 223 F.2d 229 (5th Cir. 1955), Hall v. United States, 403 F.2d 344 (5th Cir. 1968) and United States v. 58 Street Plaza Theatre, Inc., 287 F.Supp. 475 (S.D.N.Y.1968). In applying such state statutes it appears that the United States shall be deemed a creditor of a taxpayer from the date when the obligation to pay the taxes accrues. *See, 58 Street Plaza Theatre, supra,* at 501. Rules governing the tolling of the statutes of limitations in an action to foreclose a tax lien brought under Section 7403, Internal Revenue Code of 1954, 26 U.S.C. § 7403, are deemed to govern equally an action brought under state law to set aside a transfer by a taxpayer to defraud the United States, the creditor of the taxpayer.

It has been determined that the suit against the taxpayers brought on April 17, 1970, is timely. Compliance with the period of limitations provided by Section 6502, Internal Revenue Code of 1954, 26 U.S.C. § 6502, is established. Hence, counts III, IV, and V to foreclose tax liens and to set aside transfers are likewise determined to be timely.

In United States v. Stone, *supra,* it has been seen that a failure of the claim against the taxpayer defeats the action to foreclose a lien, since the lien is only an incident to the claim for taxes it secures. Under this logic counts III, IV, and V depend upon the Government's success in establishing liability against the taxpayers in counts I and II. This logic is demonstrated in Hall v. United States, *supra.* In *Hall, supra,* the action against a transferee was upheld as "a suit to follow assets, fraudulently acquired, in order to collect a judgment against the taxpayer." The action against the transferee is called "ancillary and is limited to collecting the judgments [against the taxpayer-transferor], once they were obtained." Applying *Hall,* counts III, IV, and V are deemed to be ancillary; and it would appear that these counts should not be allowed to proceed to trial until, if at all, judgments on counts I or II, or both, for unpaid taxes are rendered against the particular taxpayers named in counts III, IV and V. At an appropriate time the trial of counts III, IV, and V should be separated from the trial of counts I and II, in accordance with Rule 42(b), Federal Rules of Civil Procedure.

It is so ordered.