UNITED STATES of America, Plaintiff,

v.

Jake E. WILSON et al., Defendants.

Civ. A. No. CA–5–78–23.

United States District Court,
N. D. Texas,
Lubbock Division.

Nov. 10, 1980.

Kenneth J. Mighell, U. S. Atty., Dallas, Tex., Roger L. McRoberts, Asst. U. S. Atty., Lubbock, Tex., William W. Guild, Atty. in Charge, Louise Parks Hytken, Atty., Tax Div., Dept. of Justice, Dallas, Tex., for plaintiff.

Charles G. White, Morehead, Sharp, Tisdel & White, Plainview, Tex., Charles L.

Cobb, McWhorter, Cobb & Johnson, Lubbock, Tex., Paul Lyle, Day, Owen, Lyle & Voss, Plainview, Tex., Richard Hubbert, Simms, Kidd, Hubbert & Wilson, Lubbock, Tex., Tom Hamilton, LaFont, Tunnell, Formby, LaFont & Hamilton, Plainview, Tex., Rick Russwurm, R. A. Renfer, Lovell, Lyle, Renfer & Moore, Dumas, Tex., Bob Bass, County Atty., Plainview, Tex., Matthew A. Parypinski, Mark Lieberman, Lincolnwood, Ill., Bill Gowan, Wichita Falls, Tex., for defendants.

## MEMORANDUM OPINION

WOODWARD, Chief Judge.

The above case came on to be tried on the 3rd day of November, 1980, with all parties still subject to suit appearing in person or by and through counsel. After hearing and considering the evidence, pleadings, and argument and briefs of counsel, the court files this memorandum which shall constitute the court's findings of fact and conclusions of law.

In addition to the findings herein stated, those findings of fact and conclusions of law attached hereto are made a part hereof and the stipulations of the parties are included as a part of the court's findings of fact.

Briefly, the Government seeks to foreclose its tax lien on property purchased in 1961 by Jake Wilson and wife, Betty Wilson. The Wilsons have resided on this property from the date of its purchase until the present time and this property constitutes their homestead under the laws of the State of Texas.

On October 6, 1971, Mr. and Mrs. Wilson conveyed the property in question to their four children reserving a life estate unto themselves. The only consideration paid for the transfer was the assumption by the taxpayers' children of a $5,000.00 purchase money mortgage and the ad valorem taxes. Prior to the conveyance, the Government and the Wilsons informally agreed upon a settlement of tax claims pending against the Wilsons and the tax liabilities were then properly assessed on February 28, 1972 and

May 2, 1974. A notice of federal tax liens was recorded on June 28, 1972 and June 12, 1974. On January 18, 1973 the Government learned of the property transfer from Mr. and Mrs. Wilson to their children and subsequently filed this suit on February 27, 1978 to set aside the conveyance as fraudulent and to foreclose on their tax liens.

■ According to Texas law, a transfer of real property is void with respect to a creditor if it was intended to delay or hinder a creditor from obtaining that to which he is, or may become entitled or to defraud a creditor of that to which he is, or may become entitled. Tex.Bus. & Com.Code § 24.02(a). The stipulated facts indicate that before the conveyance in question, the Wilsons and the Government had informally agreed to settle pending tax claims. The Wilsons then knew about their pending liability prior to making the conveyance to their children and their actions were an attempt to defraud the United States of property to which it was entitled. *Texas Sand Co. v. Shield*, 381 S.W.2d 48 (Tex. 1964). Although the stipulated Tax Court decisions as well as the formal assessments were not rendered until after the property transfer, the liability was already well-established. *Viles v. Commissioner*, 233 F.2d 376 (6th Cir. 1956).

■ Furthermore, a transfer by a debtor is also considered void if it is not made for fair consideration, unless, in addition to the property transferred, the debtor has at the time of transfer enough property to pay all of his debts. Tex.Bus. & Com.Code § 24.-03(a). The consideration in this case was the assumption of a $5,000.00 mortgage and the ad valorem taxes amounting to $5,867.77. The estimated fair market value of the property at the time of transfer was stipulated at $45,000.00. Because of the large disparity in consideration amount and the fair market value, the transfer must be deemed void especially in light of the taxpayers' tax settlement which led to a Tax Court decision against them for $93,181.95. The Wilsons admitted their inability to provide a listing of assets owned on the date of the transfer, indicating an insufficiency of assets with which to pay debts.

■ The court therefore finds and concludes that the conveyance by Mr. and Mrs. Wilson to their children of this land was a fraudulent conveyance in an effort to defraud creditors including the United States of America on its income tax claims. Since a fraudulent conveyance of real property is null and void as to a creditor, the conveyance of October 1971 was void as to the United States and its liens properly attached to the property in 1972 and 1974.

The defendants' main contention is that because this is a suit to set aside a fraudulent conveyance, the Texas four–year statute of limitations, Tex.Rev.Civ.Stat.Ann. § 5529, precludes the action, and that the Government should be barred because it did not file suit within four years after it first learned of the transfer. On the other hand, the Government argues that the Federal statute 26 U.S.C. § 6502 (1967) applies in this case allowing suit to be filed within six years of the assessment.

■ Although state law may be controlling in the determination of a taxpayer's interest in property, the United States is acting within its sovereign capacity in enforcing its lien and is not bound by a state statute of limitations. *United States v. Summerlin*, 310 U.S. 414, 60 S.Ct. 1019, 84 L.Ed. 1283 (1940); *United States v. West Texas State Bank*, 357 F.2d 198 (5th Cir. 1966). Additionally, liens for Federal taxes and the manner of their enforcement are controlled by Federal law. *Folsom v. United States*, 306 F.2d 361 (5th Cir. 1962), *S. D'Antoni, Inc. v. Great Atlantic and Pacific Tea Co., Inc.*, 496 F.2d 1378 (5th Cir. 1974). Section 6321 of the Internal Revenue Code allows a lien to arise in favor of the United States on the taxpayers' property when the tax has not been paid. In the case of income taxes, the lien arises at the time the tax assessment is made and continues until the liability is satisfied or becomes unenforceable by reason of lapse of time. 26 U.S.C. § 6322 (1967). The statute giving substance to the phrase "lapse of time" is 26 U.S.C. § 6502(a) which permits a period of six years after the assessment of the tax in which to collect by levy or by a proceeding in court. *Moyer v. Mathas*, 458 F.2d 431 (5th Cir. 1972).

■ The present case has been filed within the six–year time frame and is thus not precluded under the Federal statute of limitations.

Further, part of the present suit is considered ancillary since it is brought against third persons in aid of collecting a judgment against a taxpayer, namely to set aside a fraudulent conveyance. *Hall v. United States*, 403 F.2d 344 (5th Cir. 1969). The Fifth Circuit has held that a suit of this nature may even be filed after the six–year period contemplated by 26 U.S.C. § 6502. *Hall, supra.* Again, the Government's suit against the taxpayers and the third parties was filed within six years of the assessments and could not be considered time–barred under the *Hall* reasoning.

■ Based upon the Wilsons' possession of the property from the date it was acquired until the present time, the court holds that the property in question was a homestead at all pertinent times and was not abandoned by the purported sale to the Wilsons' children. *See Floyd v. Rice*, 444 S.W.2d 834 (Tex.Civ.App.–Beaumont 1969, writ refd. n. r. e.); *Franklin v. Woods*, 598 S.W.2d 946 (Tex.Civ.App.–Corpus Christi 1980) (abandonment requires *both* cessation of use as homestead and intent to permanently abandon). Thus, the lien sought by Simmons & Company has never attached to the property due to the Texas homestead exemption and all relief prayed for by this defendant is denied. The homestead defense is likewise available against other judgment lien creditors of the Wilsons and these creditors are not in a position to claim any part of the proceeds on the foreclosure sale.

Therefore, based upon the above and the attached findings of fact and conclusions of law which are here adopted and incorporated herein for all purposes, as well as the stipulations in this case, judgment will be entered in favor of the Government against Jake Wilson and wife, Betty Wilson, in the amount of $264,221.83 plus interest from

September 9, 1977 at the rate of $29.56 per day to the date of entry of judgment plus interest at the legal judgment rate thereafter. The court will enter an order of foreclosure ordering the property to be sold to satisfy the judgment. The Plainview Independent School District, the City of Plainview, Texas, and the County of Hale will recover out of the first moneys from the foreclosure sale amounts sufficient to pay any and all taxes and penalties owing upon the property. This payment of property taxes will be prior to the claims of the Government on its income tax assessments and liens. As the children of Mr. and Mrs. Wilson are the transferees under a null and void conveyance, they are not entitled to recover any amounts of money they may have paid to third parties in satisfaction of the purchase money mortgage originally placed against the property.

The Government will hereby prepare a judgment setting forth the proper description of the property to be entered in accordance with this memorandum.

All costs will be taxed against the defendants, Jake E. Wilson and wife, Betty Wilson.