VETERANS' AGENT OF GREENFIELD *vs.* DONALD A. CHOINIERE. January 14, 1982. On January 15, 1959, Greenfield (the town), pursuant to G. L. c. 115, § 5A, recorded in the registry of deeds a notice of lien based upon benefits paid to the dependent mother of a veteran against specified real estate in the town. On September 20, 1979 (after the recipient of the benefits had died), the Commissioner of Veterans' Services gave to the town's veterans' agent permission to enforce the lien on the real estate (then held by a devisee of the veteran's mother) in accordance with § 5A, as then in effect.

On October 17, 1979, the veterans' agent filed in the Superior Court a complaint to enforce the lien under § 5A. Section 5A had been amended by St. 1979, c. 403, approved July 20, 1979, but not to become effective until October 18, 1979. The amendment was to insert in § 5A, a fourth paragraph which reads: "Such lien shall be dissolved and be unenforceable upon the expiration of twenty years from the date of the recording in the register [*sic*] of deeds of the county wherein said real estate lies." The complaint thus was filed before the amendment became operative.

Summary judgment for the veterans' agent was correctly ordered in the Superior Court. The veterans' agent's action was brought seasonably while enforcement proceedings could still be started under the unamended statute. We view the amendment as at most prospective (see *Hein-Werner Corp.* v. *Jackson Indus., Inc.*, 364 Mass. 523, 525 [1974]) and in effect designed to prevent the commencement of later enforcement proceedings after the expiration of the newly created twenty-year period from the date of recording a lien for such veterans' benefits.

Doubtless the lien was held for the town in its governmental capacity rather than in any "private or proprietary capacity" and "was subject to legislative control" including "the right to abolish the liens without compensation to the . . . [town] if . . . done for the accomplishment of a public purpose." *Cambridge* v. *Commissioner of Pub. Welfare*, 357 Mass. 183, 188-189 (1970). The public purpose obviously behind the 1979 amendment was to prevent the enforcement of stale liens after twenty years from their recording. If it had been intended that the amendment take effect at once upon the approval of St. 1979, c. 403, an emergency preamble probably could have accomplished that result. In the absence of such a preamble, the Legislature must be deemed to have been aware that, before the amendment would become effective, the usual ninety days must elapse. See art. 48, The Referendum, I and II, of the Amend-

ments to the Constitution of the Commonwealth. Within that time, towns could start proceedings to enforce outstanding liens under the then existing law.

The analogy of a terminable lien to a statute of limitations is close. Cases under statutes creating terminable Federal tax liens in effect recognize the analogy. See *United States* v. *Besase,* 319 F. Supp. 1064, 1070 (N.D. Ohio 1970). See also *United States* v. *Diamond,* 142 F. Supp. 441, 443-444 (S.D.N.Y. 1956). See for examples of other statutes creating terminable liens, G. L. c. 62C, § 50, as amended by St. 1978, c. 514, §§ 133 & 134 (derived from repealed G. L. c. 58, § 33); G. L. c. 254, §§ 5, 8, 11. In the circumstances, we perceive no necessity of a special statutory provision preserving the lien where, prior to its extinguishment, an appropriate form of enforcement proceeding has been commenced. We are of opinion that, in the absence of clear statutory language to the contrary, the enforcement proceeding with respect to any such lien operates to stay the statutory extinguishment. Compare St. 1967, c. 658, § 80, where existing proceedings were preserved by explicit language.

*Judgment affirmed.*

*Geoffrey A. Wilson (Paul A. Trudel* with him) for the defendant.
*Edward W. Pepyne, Jr.,* Town Counsel, for the plaintiff.