H. MILGRIM & BROS., INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 33177. Promulgated November 20, 1931.

*Mark Eisner*, *Esq.*, and *Ferdinand Tannenbaum*, *Esq.*, for the petitioner.
*L. W. Creason*, *Esq.*, for the respondent.

854

OPINION.

TRAMMELL: On the jurisdictional question, the Commissioner has renewed his motion to dismiss which was heretofore filed and denied by the Board. The deficiency notice sets forth a deficiency for the calendar year 1924. An additional tax is asserted for that year. This is in accordance with the express language of the notice of deficiency. It may well be true that the respondent erred in his determination that a deficiency existed for this period. But when he once determined that there was a deficiency, that fact gives us jurisdiction to determine whether or not it was correctly arrived at. We see no reason to revoke the order previously entered herein and therefore hold that we have jurisdiction of this proceeding.

On the question as to whether Milgrims, Inc., sustained a net loss for the fiscal year ended January 31, 1924, the parties introduced the returns and exhibits attached, the revenue agent's report, the 30-day letter and notice of deficiency showing how the net loss was determined and its disallowance by the Commissioner. When the returns, together with the exhibits attached, were offered in evidence counsel for the petitioner stated:

It being understood that the figures appearing on the books are the figures which would be testified to by a witness as the figures in this case so far as they are contained in the return introduced.

Counsel for the respondent stated:

That is right; it is conceded that the figures on both of these returns, and the figures and the amounts named on these returns, are in the amounts and as described on the books of account.

If this was not a correct statement of what the parties intended, the statement should have been corrected at the time. We therefore assume that the items designated on the books are to be taken as truly represented and stated. The books of account of Milgrims, Inc., as reported in its income-tax return, showed alleged net loss of $16,291.82 for the fiscal year ended January 31, 1924. In determining this amount the exihibits attached to the return indicate that there was deducted from its gross income organization expenses in the amount of $16,440.45. This was included in the itemized list of expense accounts attached to the return aggregating $181,616.56, making the total deduction claimed $211,535.58, which amount, deducted from the gross income reported of $195,243.76, made the net loss which was claimed of $16,291.82. The organization expense is not an allowable deduction. See *First National Bank of St. Louis*, 3 B. T. A. 807; *Emerson Electric Manufacturing Co.*, 3 B. T. A. 932; *Weber-Bunke-Lange Coal Co.*, 11 B. T. A. 503; *Guarantee Bond & Mortgage Co.*, 14 B. T. A. 1015; affirmed by the Circuit Court of Appeals for the Sixth Circuit, 44 Fed. (2d) 297; *Harrisburg Hospital, Inc.*, 15 B. T. A. 1014. The Commissioner disallowed in the notice of deficiency this item of organization expense and the disallowance is presumptively correct. When this amount is taken from the deductible items there would be a net income for that period of $148.63 instead of a net loss. Therefore, there is no net loss for the period ended January 31, 1924, to be carried forward.

With respect to the determination of the consolidated net income for the period ended December 31, 1924, the respondent in his notice of deficiency reduced a claimed loss of Milgrims, Inc., of $28,337.10 by the amount of $2,400.14 to arrive at the consolidated net income of the two companies for said 11-month period.

The Commissioner reduced the loss of $28,337.10 by the amount of $2,400.14 upon the theory that the latter amount represents the proportionate part of the total loss for 12 months ended December 31, 1924, a period of nonaffiliation. In this we think the respondent was in error. The net loss sustained for the nonaffiliated period may be carried forward, and deducted in computing net income for the succeeding year. *Alabama By-Products Co.*, 18 B. T. A. 919; *National Slag Co.* v. *Commissioner*, 47 Fed. (2d) 846; *Commissioner*

v. *Pittsburgh Gasoline Co.*, C. C. A., 3d Cir., July 15, 1931, affirming our decision in 21 B. T. A. 297. The respondent in his brief does not now contend otherwise, but says that in the taxable period the loss sustained should be reduced by substantially the same amount on the ground that the petitioner in its return deducted certain items as expense which were properly capital expenditures. In so far as this period is concerned, this is a new issue not heretofore presented. If the respondent had desired to raise this issue, he should have done so by proper pleadings.

This is a different problem from that presented with respect to the net loss for the preceding period, in that for that period there was the question whether there was a net loss as claimed. Here the respondent determined the loss in the amount of $28,337.10, but reduced it by a proportionate part thereof which was sustained in the period of nonaffiliation, that is, for the month of January, 1924. If the amount of the loss was incorrect, the respondent should have so claimed in proper pleadings. On this issue we reverse the action of the respondent.

*Judgment will be entered under Rule 50.*