Ignatius PAGE, Jr., Petitioner,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 16851.

United States Court of Appeals
Eighth Circuit.

Jan. 22, 1962.

Rehearing Denied Feb. 7, 1962.

Ignatius Page, Jr., pro se.

Earl J. Silbert, Atty., Dept. of Justice, Washington, D. C., for respondent and

Louis F. Oberdorfer, Asst. Atty. Gen., and Lee A. Jackson, Atty., Dept. of Justice, Washington, D. C., were with him on the brief.

Before VOGEL, BLACKMUN and RIDGE, Circuit Judges.

PER CURIAM.

Ignatius Page, Jr. has filed a petition to review an unreported decision of the Tax Court of the United States dismissing Page's petition and amended petition in that Court because of lack of jurisdiction. The grounds for the dismissal are (1) the absence of proof of a determination of a deficiency in Page's federal income tax for the taxable years in question and (2) Page's failure, in any event, to affix a copy of any deficiency notice to his petition and amended petition as required by Rule 7(c) (4) of the Tax Court's Rules of Practice, 26 U.S.C.A. (I.R.C.1954) § 7453. We necessarily affirm.

■ The United States Tax Court, originally created by § 900 of the Revenue Act of 1924 as the Board of Tax Appeals and which assumed its present name, without change in its jurisdiction, powers and duties, by § 504 of the Revenue Act of 1942, 26 U.S.C.A. § 1100, is an independent agency of the Executive Branch of the Government. Internal Revenue Code of 1954, § 7441, 26 U.S. C.A. § 7441. While it has been said that the Tax Court is "for all practical purposes a judicial tribunal operating in the federal judicial system", Stern v. Commissioner, 3 Cir., 1954, 215 F.2d 701, 708,* it is, nevertheless, a tribunal of only limited jurisdiction. § 7442 of the 1954 Code, 26 U.S.C.A. § 7442; Tyson v. Commissioner, 7 Cir., 1933, 66 F.2d 160, 162; Dudley v. Commissioner, 3 Cir., 1958, 258 F.2d 182, 183. See Jefferson Loan Co. v. Commissioner, 8 Cir., 1957, 249 F.2d 364, 366.

■ One of the conditions for Tax Court jurisdiction over income tax matters is that a deficiency be determined by "the Secretary or his delegate". § 6212 (a) of the 1954 Code, 26 U.S.C.A. § 6212 (a). In the absence of that determination, no jurisdiction attaches in the Tax Court. Commissioner of Internal Revenue v. Gooch Co., 1943, 320 U.S. 418, 420, 64 S.Ct. 184, 88 L.Ed. 139; Dudley v. Commissioner, supra, 3 Cir., 1958, 258 F.2d 182, 183; Crowell-Collier Pub. Co. v. Commissioner, 2 Cir., 1948, 259 F.2d 860, 864, cert. den. 358 U.S. 928, 79 S.Ct. 314, 3 L.Ed.2d 302; Fairbanks' Estate v. Commissioner, 5 Cir., 1942, 128 F.2d 537, 538; Fisher v. Commissioner, 7 Cir., 1945, 149 F.2d 540, 541.

■ This, then, is necessarily an end of the present matter. Page has the burden of proving that the Tax Court has jurisdiction. National Committee to Secure Justice, etc., 1957, 27 T.C. 837, 839. He has not proved that a deficiency has been determined for any of the tax years in question. The Commissioner in fact asserts that no such deficiency has ever been determined. Page has failed to sustain his burden. The Tax Court therefore had no choice except to dismiss the petition and the amended petition. It was right in so doing.

We might add by way of explanation, because Page is acting in his own behalf here, that, so far as we can determine from his pleadings, he feels that he has a claim for back wages from a former employer and a claim against officers of his union; that in 1961 he filed with his Director of Internal Revenue a federal individual income tax return on a 1960 form, and then an amended return, describing therein as income wages of $41,184 for the years 1949 to 1960, inclusive, "demanded" but not paid; that (presumably after what would have been taxes withheld at the source) an aggregate deficiency of $448 should result; and that the Tax Court should determine this deficiency to exist and, as well, should resolve his claims against the employer and the union. Apparently, too, he had attempted previously, but un-

---

* But see Lasky v. Commissioner, 9 Cir., 1956, 235 F.2d 97, 98–99, affirmed 352 U.S. 1027, 77 S.Ct. 594, 1 L.Ed.2d 598.

successfully, to assert the claims against the employer and the union in a Missouri state court and perhaps in the United States Court of Claims. He seeks his remedy now through the Tax Court. This he cannot do.

The decision of the Tax Court is affirmed.