DANIEL E. HANNAN AND JEANNE HANNAN, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 1216–69.    Filed, August 11, 1969.

*Walter R. Brown*, for the petitioners.
*Ivan L. Onnen*, for the respondent.

#### OPINION

FEATHERSTON, *Judge:* Respondent has filed a motion to dismiss the petition on the ground that the Court lacks jurisdiction. The decision turns on the application of sections 6211, 6212, 6213, and 6659.[1] Specifically, the issue is whether the section 6651 additions to tax determined by respondent are "attributable to a deficiency" in petitioners' income tax for 1959 to 1965, inclusive.

---

[1] All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise noted.

On December 27, 1968, respondent mailed a letter to petitioners notifying them of determinations of "income tax deficiencies" and additions to tax for late filing under section 6651(a). The letter—on the form ordinarily used for notices of deficiency and signed by an official admittedly authorized to issue notices of deficiency pursuant to section 6212(a)[2]—states, in pertinent part, the following:

Mr. DANIEL E. HANNAN and Mrs. JEANNE HANNAN
4201 Foster Drive, Des Moines, Iowa 50312.

CERTIFIED MAIL

DEAR MR. AND MRS. HANNAN:

| Taxable Year Ended | Deficiency | Sec. 6651(a) |
|---|---|---|
| December 31, 1959 | $16.50 | $4.13 |
| December 31, 1960 | 183.96 | 45.99 |
| December 31, 1961 | 216.00 | 54.00 |
| December 31, 1962 | 225.60 | 56.40 |
| December 31, 1963 | 226.59 | 56.65 |
| December 31, 1964 | 239.25 | 59.81 |
| December 31, 1965 | 148.51 | 37.13 |

This letter is to notify you—as required by law—that we have determined the income tax deficiencies shown above. * * * The enclosed statement shows how the deficiencies were computed.

If you do not intend to contest this determination in the Tax Court of the United States, please sign and return the enclosed waiver form. This will permit an early assessment of the deficiencies and limit the accumulation of interest. * * *

If you decide not to sign and return the waiver, the law requires that after 90 days from the date of this letter * * * we assess the deficiencies and take action to collect the tax. However, if within the time stated you contest this determination by filing a petition with the Tax Court, we may not assess any deficiencies for these years until after the Tax Court has decided your case.

The "enclosed statement," referred to in the letter, included a table similar to the one quoted immediately above and set forth the computations of the income tax and additions to tax due for each year. These computations reflect no adjustments to petitioners' taxable income or to the self-employment tax reported on the returns, but describe the amount of the reported self-employment tax (less payments of estimated tax for 1959 and "Income tax paid or credits allowable" for 1964 and 1965) as "Deficiency of income tax."

On March 17, 1969, petitioners filed a petition praying that this Court determine:

---

[2] SEC. 6212. NOTICE OF DEFICIENCY.

(a) IN GENERAL.—If the Secretary or his delegate determines that there is a deficiency in respect of any tax imposed by subtitles A or B, he is authorized to send notice of such deficiency to the taxpayer by certified mail or registered mail.

(1) That the Commissioner erred in determining that they did not timely file their tax returns for 1957 to 1963, inclusive;

(2) That the Commissioner erred in determining that the returns for 1964 and 1965, which were not timely filed, were not timely filed due to reasonable cause;

(3) That the Commissioner erred in determining that payments of $600 in 1957, $700 in 1958, and $150 in 1959 were made as declaration payments of self-employment tax and could not be carried forward from 1959 through each successive taxable year to and including 1966; [3] and

(4) That there is no deficiency in income tax or self-employment tax for the calendar years 1959 to 1965, inclusive.

To support his motion to dismiss respondent relies upon section 6659.[4] Subsection (a) of this section states that, except as otherwise provided, additions to tax shall be assessed, collected, and paid in the same manner as taxes, and any reference in the Code to "tax" shall be deemed also to refer to "additions to tax." By Public Law 86–470, effective May 15, 1960, subsection (b) was amended to provide, *inter alia*, that for the purposes of subchapter B of chapter 63, relating to deficiency procedures, subsection (a) shall not apply to an addition to tax under section 6651, with the exception that it shall apply to that portion of such addition which is attributable to a deficiency described in section 6211.

The amendment of section 6659(b) grew out of three decisions which held that, under the 1954 Code, the Commissioner could not assess an addition to tax without sending the taxpayer a notice of deficiency (90-day letter). *Granquist* v. *Hackleman*, 264 F. 2d 9 (C.A. 9, 1959) (addition to tax for late filing) ; *Strawberry Hill Press, Inc.* v. *Scanlon*, 273 F. 2d 306 (C.A. 2, 1959) (same) ; *Enochs* v. *Muse*, 270 F. 2d 528 (C.A. 5, 1959) (addition to tax for underpayment of esti-

---

[3] The statement attached to the letter had informed petitioners that "It is determined there are no estimated tax carryover credits from overpayments made in 1957 and 1958 because section 6511(a) * * * provides that a credit or refund will not be allowed unless a claim is [timely] filed" and such action had not been taken by petitioners.

[4] SEC. 6659. APPLICABLE RULES.

(a) ADDITIONS TREATED AS TAX.—Except as otherwise provided in this title—

(1) The additions to the tax, additional amounts, and penalties provided by this chapter shall be paid upon notice and demand and shall be assessed, collected, and paid in the same manner as taxes ;

(2) Any reference in this title to "tax" imposed by this title shall be deemed also to refer to the additions to the tax, additional amounts, and penalties provided by this chapter.

(b) PROCEDURE FOR ASSESSING CERTAIN ADDITIONS TO TAX.—For purposes of subchapter B of chapter 63 (relating to deficiency procedures for income, estate, and gift taxes), subsection (a) shall not apply to any addition to tax under section 6651, 6654, or 6655; except that it shall apply—

(1) in the case of an addition described in section 6651, to that portion of such addition which is attributable to a deficiency in tax described in section 6211; or

mated tax).[5] The problem created by these decisions and the solution provided by the amendment were explained as follows (H. Rept. No. 1217, 86th Cong., 2d Sess. (1960), 1960–1 C.B. 840, 841–842) :

These court decisions have confronted the Internal Revenue Service with very serious administrative problems. For example, before a 90-day letter could be mailed with respect to the addition to tax for late filing, the Internal Revenue Service would have to examine the return to insure that there was no deficiency in tax which might be barred from later assessment because of the restrictions on the issuance of additional 90-day letters under section 6212(c) of the 1954 code. Such a procedure would force the Service to audit many thousands of returns which otherwise might not be audited. If the Service were forced to follow the 90-day letter procedure for additions to tax for late filing of returns and for underpayment of estimated tax, the number of 90-day letters issued each year would be increased to about 1 million ; whereas the Service now issues only about 78,000 90-day letters each year for all causes.

* * * little purpose is served by invoking the elaborate 90-day letter procedure before assessing these additions to tax.

Accordingly, your committee has provided in general, that, after the date of the enactment of the bill, the additions to tax for the late filing of income, estate, and gift tax returns and the underpayment of estimated income tax are to be assessed and collected without the issuance of a 90-day letter. * * *

Your committee's bill provides two exceptions to [sec. 6659(a)] * * *. An addition to tax for late filing which is attributable to a deficiency in tax will be subject to the 90-day letter procedure. Also, where no return is filed for a taxable year, an addition to tax for underpayment of estimated tax will be subject to the 90-day letter procedure. These exceptions * * * exist because in such cases there is a deficiency in the tax itself which justifies an opportunity for review in the Tax Court.

Respondent contends that this Court lacks jurisdiction and that he may immediately assess and collect the section 6651 additions to tax here in controversy; because (1) section 6659(b) requires resort to the deficiency procedures only for the portion of such additions which are attributable to a deficiency, and (2) no "deficiency," as defined in section 6211(a),[6] exists herein since the tax imposed does not exceed the amount shown as tax on petitioners' returns in any of the years covered by the petition. We disagree.

Section 6212(a) provides that if the Secretary or his delegate "determines" that there is a deficiency, he is authorized to send notice of such deficiency to the taxpayer. By section 6213(a), the taxpayer

---

[5] Cf. *United States* v. *Erie Forge Co.,* 191 F. 2d 627 (C.A. 3, 1951), certiorari denied 343 U.S. 930 (1952), and *Granquist* v. *Hackleman,* 264 F. 2d 9 (C.A. 9, 1959), which held that under the 1939 Code, sec. 291, delinquency penalties were not "deficiencies," and, therefore, a 90-day letter was not required.

[6] SEC. 6211. DEFINITION OF A DEFICIENCY.

(a) IN GENERAL.—For purposes of this title in the case of income, estate, and gift taxes, imposed by subtitles A and B, the term "deficiency" means the amount by which the tax imposed by subtitles A or B exceeds the excess of—

(1) the sum of

(A) the amount shown as the tax by the taxpayer upon his return, if a return was made by the taxpayer and an amount was shown as the tax by the taxpayer thereon, plus

(B) the amounts previously assessed (or collected without assessment) as a deficiency, over—

(2) the amount of rebates, as defined in subsection (b)(2), made.

may then file a petition with the Tax Court, within a specified time, for a "redetermination" of the deficiency; and if this Court finds that there is no deficiency and further finds that the taxpayer has made an overpayment of tax for the same taxable year, section 6512(b) provides that "the Tax Court shall have jurisdiction to determine the amount of such overpayment." Thus it is not the *existence* of a deficiency but the Commissioner's *determination* of a deficiency that provides a predicate for Tax Court jurisdiction. See *H. Milgrim & Bros., Inc.*, 24 B.T.A. 853 (1931);[7] *C. A. O'Meara, et al.*, 11 B.T.A. 101, 109 (1928), reversed on other issues 34 F. 2d 390 (C.A. 10, 1929). Indeed, were this not true, then the absurd result would be that in every case in which this Court determined that no deficiency existed, our jurisdiction would be lost.

Here petitioners were sent a letter which admittedly meets all the formal requirements of a statutory notice of deficiency, notifying them that "We [respondent] have determined the income tax deficiences shown above" and listing tax deficiences and additions to tax under section 6651(a).[8] This was a determination of a deficiency in tax, even though, as respondent argues, on trial it may develop that there is in fact no deficiency. Cf. *Jamison* v. *Repetti*, 239 F. 2d 901 (C.A. 9, 1956), where, under circumstances very similar to those presented here, an assessment of taxes made without the sending of a notice of deficiency was enjoined. And since the section 6651(a) additions to tax are attributable to deficiencies determined in the notice they fall within the section 6659(b)(1) exception.

The purpose of the deficiency notice procedures is to permit a taxpayer to litigate asserted deficiencies in tax prior to paying them. Upon receipt of petitioners' returns, respondent was authorized to assess the tax reported therein. The record does not show that respondent did not, in fact, make such assessments or that petitioners have not paid the tax reported therein. Petitioners could protect themselves from assessment of the deficiencies asserted in the notice—possibly a second assessment of the amount reported in the returns—only by filing the petition in

---

[7] "It may well be true that the respondent erred in his determination that a deficiency existed for this period. But when he once determined that there was a deficiency, that fact gives us jurisdiction to determine whether or not it was correctly arrived at." 24 B.T.A. at 854.

[8] Counsel for respondent asserted at the hearing on this motion that "the Commissioner made a mistake, that the statutory notice of deficiency in this case, in my opinion, should not have been issued." But an assertion by respondent that he has erroneously determined a deficiency cannot deprive this Court of jurisdiction. As we said in *Ross Bowman*, 17 T.C. 681, 685 (1951), involving a request by respondent to cancel a deficiency determined for 1943 and placed in issue by the taxpayer's petition,

"Having unquestionably obtained jurisdiction for 1943, this Court may not be ousted from that status by action of the respondent nor deprived of its right to enter a final decision with respect to the petitioner's tax liability for that year. The reason for this rule is clear. A litigant in a matter before a court of competent jurisdiction who brings the other party into court is entitled to an ultimate judgment, and the opposing party cannot defeat the jurisdiction of the court by a waiver or disclaimer on his part. * * *"

this Court. Failure to do so would have required them to pay the full amounts of the deficiencies in order to litigate their correctness. *Flora v. United States,* 362 U.S. 145 (1960).

An appropriate order will be entered denying the motion to dismiss the petition.