CHARLES F. JOHNSTON, JR., PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 1985-69 SC. Filed August 11, 1969.

Charles F. Johnston, Jr., pro se.
*Clarence E. Barnes,* for the respondent.

### OPINION

DRENNEN, *Judge:* Petitioner filed a petition in this Court seeking a redetermination of tax deficiencies asserted in the notice from the Commissioner of Internal Revenue dated January 31, 1969, "copy of which is attached," alleging that the Commissioner erred in asserting the tax deficiency by charging "an excessive amount of additional tax for underestimating 1967 federal income tax." Attached to the petition was a Treasury Department Form 4188, dated January 31, 1969, addressed to petitioner, headed "Account Adjustment Bill For Tax Due." Below the heading was what purports to be a computation of a penalty in the amount of $67.19 and a reference to various statements on the back of the form for further explanations. The reference statements advised that the amount shown as balance due must be paid within 10 days from the date of this notice by check or money order payable to "Internal Revenue Service," and that this notice is not the result of an audit of "your return."

On May 27, 1969, respondent filed a motion to dismiss the case for lack of jurisdiction upon the ground that no statutory notice of deficiency had been sent to petitioner. In support of his motion respondent alleged that—

The addition to the tax for the underpayment of estimated tax under section 6654 of the Internal Revenue Code of 1954 was assessed against the petitioner for the taxable year 1967 by the Internal Revenue Service Center, Covington, Kentucky, under the authority of section 6659(b), as amended, without the issuance of a statutory notice of deficiency.

On June 3, 1969, the Court issued an order to show cause on or before July 3, 1969, why respondent's motion should not be granted.

On July 8, 1969, the Court received a letter from petitioner, Charles, which in substance is an objection to respondent's motion to dismiss on the ground that the provisions of section 6659(b), I.R.C. 1954, as amended by Public Law 86–470, see 1960–1 C.B. 840, not requiring respondent to issue a statutory notice of deficiency in respect of the additions to tax imposed under section 6654 of the Code for underpayment of estimated tax, which are here involved, amount to "a denial of due process and fair play."

It is clear that under section 6659(b) of the Code, as amended, *supra*, a notice of deficiency is not required to be issued in respect of additions to tax such as are involved here. The legislative history of the amendatory statute explains Congress' conscious elimination of the requirement of a deficiency notice in such circumstances and its reasons therefor. See H. Rept. No. 1217, 86th Cong., 2d Sess.; S. Rept. No. 1098, 86th Cong., 2d Sess., both congressional reports being reprinted in 1960–1 C.B. 840, 843. See also a discussion of this issue in *Daniel E. Hannan*, 52 T.C. 787, decided this day. It appears that the reasons stated by Congress for enacting the amendments to section 6659(b), eliminating the requirement of a notice of deficiency before assessing the additions to tax imposed by section 6654, are valid and reasonable and apply alike to all taxpayers under similar circumstances, and we cannot find that the provisions thereof amount to a "denial of due process and fair play" as claimed, without citation of authority in support thereof, by petitioner. We are not aware of any case that holds that the assessment of a tax before the taxpayer is given his day in Court is a denial of due process. To the contrary, see *Phillips* v. *Commissioner*, 283 U.S. 589. Prior to the establishment of the Board of Tax Appeals (now the Tax Court) prepayment of the tax was a prerequisite to the right to test in court all taxes determined to be due by the Commissioner of Internal Revenue.

Unlike the circumstances involved in *Daniel E. Hannan, supra*, where we found that respondent had issued a notice of deficiency to taxpayers, thus bringing that case within an exception to the general rule of section 6659(b), the document upon which the petition in this case is based is not a notice of deficiency. In it respondent makes no determination of a deficiency in tax. It is simply a notice or statement of additions to tax due for underpayment of estimated tax. This appears to be precisely the type of circumstance in which Congress intended that a notice of deficiency need not be issued before assessment of the addition to tax could be made.

It is elemental that the Tax Court does not have jurisdiction where the Commissioner has not determined a deficiency and a statutory

794

notice of deficiency has not been sent to the taxpayer-petitioner. Sec. 6213(a), I.R.C. 1954; *Commissioner* v. *Gooch Co.*, 320 U.S. 418; *Page* v. *Commissioner*, 297 F. 2d 733; *Franklin H. Moyer*, 1 B.T.A. 75; *Estate of Charles Schmalstig*, 43 B.T.A. 433. Consequently, respondent's motion to dismiss for lack of jurisdiction must be granted.

*An appropriate order will be entered.*