ESTATE OF FRANK J. ADAMCZYK, Deceased, GLADYS F. ADAMCZYK, Executrix and GLADYS F. ADAMCZYK, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Adamczyk v. Commissioner
Docket No. 22226-80
United States Tax Court
T.C. Memo 1981-259; 1981 Tax Ct. Memo LEXIS 475; 41 T.C.M. (CCH) 1596; T.C.M. (RIA) 81259; May 28, 1981. Kenneth P. Simon, for petitioners. Frank A. Falvo, for respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case was assigned to and heard by Special Trial Judge Randolph F. Caldwell, Jr. pursuant to the provisions of section 7456(c) of the Internal Revenue Code[1] and Rules 180 and 181, Tax Court Rules of Practice and Procedure.[2] The Court agrees with and adopts *476 his opinion, which is set forth before. OPINION OF THE SPECIAL TRIAL JUDGE CALDWELL, Special Trial Judge: This case is presently before the Court on respondent's motion to dismiss for lack of jurisdiction on the ground that a statutory notice of deficiency was never issued to petitioners. The motion came on for hearing at Pittsburgh, Pennsylvania, on April 6, 1981, at which counsel for both sides presented oral argument, at the conclusion of which the motion was taken under advisement. The issue presented by respondent's motion is limited to whether a statutory notice of deficiency is required to be issued and whether it in fact was issued to petitioners. FINDINGS OF FACT Respondent sent Form letter 915 (DO), dated *477 September 24, 1980, to petitioners by ordinary mail. This letter, commonly called a 30 day letter, informed petitioners that adjustments should be made in the amount of their tax for the year 1978. The adjustments were explained in the Report of Individual Income Tax Examination Changes which was enclosed with the letter to petitioners. Petitioners were allowed 15 days in which to either consent to the adjustments, mail in further information, or request an oral discussion with an examiner. The letter further provided that if petitioners did not respond within 30 days their case would be processed on the basis of the adjustments. Also enclosed with the letter was Publication 5 entitled, "Appeal Rights and Preparation of Protests for Unagreed Cases." This publication explained that is order for a taxpayer to petition the Tax Court, he should request the Service to issue a notice of deficiency. On September 30, 1980, Kenneth P. Simon, attorney for petitioners, requested that the Service issue a notice of deficiency. On November 12, 1980, the Service notified Mr. Simon that the "Power of Attorney" enclosed with his September 30th letter would not be processed unless the type of *478 tax was clearly identified. On December 15, 1980, petitioners filed a petition with this Court. Petitioners had not received any further correspondence from respondent at the time the petition was filed. OPINION Section 6213(a) provides in pertinent part that a taxpayer may file a petition for redetermination of a deficiency within 90 days after the notice of deficiency is mailed. Section 6212 authorizes the mailing of the notice of deficiency. The notice of deficiency must be sent to the taxpayer by certified or registered mail. Section 6212(a). Without the issuance of the statutory notice of deficiency the Tax Court is precluded from obtaining jurisdiction over the matter. Page, Jr. v. Commissioner, 297 F.2d 733 (8th Cir. 1962) affg. unreported T.C. order of dismissal. Petitioners argue that the term "notice of deficiency," as used in section 6213(a) is not defined in the Internal Revenue Code. According to petitioners, the 30-day letter and enclosures received by petitioners are sufficient to inform petitioners of a deficiency and therefore constitute a notice of deficiency. However, subsequent to receiving the 30-day letter petitioners' counsel requested *479 respondent issue a notice of deficiency, thereby we believe impliedly conceding that the letter and enclosures did not, by themselves, constitute a statutory notice of deficiency. In order to satisfy the requirement of 6213(a) petitioners must receive a notice of deficiency as that term is used in sections 6212 and 6213. The notice must provide that a final determination of a deficiency has been made. Mayerson v. Commissioner, 47 T.C. 340, 349 (1966). The 30-day letter merely proposed adjustments in the amount of petitioners' tax and was not a final determination of a deficiency. Flynn v. Commissioner, 40 T.C. 770 (1963). In order for this Court to consider the correctness of respondent's determination there must be a final determination from which a taxpayer timely files a petition for redetermination. "Since a deficiency notice is a condition precedent to Tax Court jurisdiction" the lack of such notice will preclude this Court from obtaining jurisdiction over the matter. Wilt v. Commissioner, 60 T.C. 977 (1973). Accordingly, as a statutory notice of deficiency had not been issued at the time petitioners filed their petition *480 with this Court, [3] we must grant respondent's motion to dismiss this case for lack of jurisdiction. An appropriate order will be issued. Footnotes
1. All sections references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. Since this is a pretrial motion and there is no genuine issue of material fact, the Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure↩, are not applicable in these particular circumstances. This conclusion is based on the authority of the "otherwise provided" language of that rule.
3. At the hearing, respondent's counsel represented to the Court that a statutory notice of deficiency either had been or would shortly be issued.↩