THOMAS R. AND SUZANNE TUMLINSON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Tumlinson v. Commissioner
Docket No. 7828-81.
United States Tax Court
T.C. Memo 1983-92; 1983 Tax Ct. Memo LEXIS 693; 45 T.C.M. (CCH) 750; T.C.M. (RIA) 83092; February 10, 1983. Joe Alfred Izen, Jr., for the petitioners. David W. Johnson, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case is before us on respondent's motion for summary judgment, petitioners' motion for relief from deemed admissions, and petitioners' motion for leave to amend petition. A hearing on these motions was held at San Antonio, Texas, on December 6, 1982.Counsel for the parties were present and resisted the opposing motions. Counsel have also filed various memoranda in support of their respective positions. On February 6, 1981, respondent mailed a notice of deficiency to petitioners in which he determined the following deficiency in Federal income tax and additions to tax for 1978: Additions to Tax
Deficiency
Sec. 6651(a)
Sec. 6653(a)
Sec. 6654 [1]
$3,031.30
$454.70
$151.57
$56.91
*695 The deficiency was based on the following adjustments to income and "other taxes": Determined
Reported
Adjustment
Adjustments to Income
(a) Wage income
$6,524.67 $6,324.67 $200.00 (b) Interest income
1,253.40 1,253.40 (c) Net self-employment
income (Thomas)
6,579.95 390.65 6,189.30 (d) Net self-employment
income (Suzanne)
3,746.80 (121.20)
3,868.00 (e) Rental loss
(1,711.52)
(1,711.52)
(f) Income from IRA
distribution
1,124.96 1,124.96 (g) Family trust loss
(1,080.20)
1,080.20 "Other Taxes"
(a) Self-employment tax
836.47 836.47 (b) Tax on early distribution
from IRA
112.50 112.50 Petitioners, acting pro se, timely filed a petition with this Court. In their petition they disputed the entire amount of the deficiency and the entire amount of the additions to tax determined by respondent. Although they alleged no facts in support of their assignments or error, they challenged the correctness of each of the adjustments *696 to income (except (e)) and "other taxes" set forth in the notice of deficiency. Petitioners neither assigned error not alleged facts with respect to the three additions to tax.
In his answer respondent denied all of petitioners' assignments of error. On February 16, 1982, respondent served on petitioners by certified mail a request for admissions pursuant to Rule 90. [2] The matters with respect to which admission was requested were as follows: 1. The petitioners resided in San Antonio, Texas, during 1978 and when their petition was filed herein. 2. Petitioners filed their joint federal income tax return, Form 1040, and a fiduciary income tax return [for the "Tumlinson Trust"], Form 1041, on August 6, 1979, for taxable year 1978 with the Director, Internal Revenue Service Center, Austin, Texas. Copies of the Forms 1040 and 1041 are attached hereto as Respondent's Exhibits A and B, respectively. 3. On February 6, 1981, the respondent mailed the petitioners the statutory notice of deficiency upon which his case is based, a copy of which is attached to the petition. 4. Attached hereto as Respondent's Exhibits C and D are copies of the Forms W-2 from Smith Protective *697 Service for 1978, which reflect therein total wages of $6,524.67, for 1978. 5. During taxable year 1978, the petitioners received the following interest income: Government Employees Credit Union
$1,222.36
Alamo Savings and Loan
31.04
Total
$1,253.40
6. Attached hereto as Exhibit E and F are schedules of the self-employment income of Thomas Tumlinson and Suzanne Tumlinson, respectively, for 1978. [Said schedules show "corrected net income from self-employment" of $6,579.95 for Thomas R. Tumlinson and $3,746.80 for Suzanne Tumlinson.] 8. During 1978 the petitioners had a net rental loss not in excess of $1,711.52. [This and subsequent paragraphs misnumbered in the original.] 9. During 1978, the petitioners received a taxable distribution from an Individual Retirement Account in the amount of $1,124.98. 10. The petitioners did not incur a deductible trust loss in any amount during 1978. The joint return referred to in paragraph 2 reported adjusted gross income of $5,713.92 and no tax liability.The fiduciary return referred to in that same paragraph reported *698 deductions of $18,253.11 but no gross income. Petitioners did not respond to this admission request within the period specified by Rule 90(c). On February 17, 1982, respondent served on petitioners by certified mail another request for admissions in the form of an amendment to his request of February 16, 1982. This request consisted of a single-numbered paragraph which was identical to paragraph 2 of the previous request except that it recited that petitioners delinquently filed their 1978 joint income tax return on June 18, 1979. Again, petitioners did not respond to this request within the period specified by Rule 90(c). On February 26, 1982, respondent served on petitioners by certified mail a third request for admissions. This request consisted of two numbered paragraphs. The first paragraph identified as exhibits two amended joint income tax returns for 1978 which petitioners filed with the Internal Revenue Service Center at Austin, Texas, on August 10, 1979 and August 5, 1980. The second paragraph identified as an exhibit a certificate of assessments and payments relating to petitioners' 1978 taxable year. As before, petitioners did not respond to this request within *699 the period specified by Rule 90(c). Petitioners' August 1979 amended return (like their original return) reflected no tax liability. Their August 1980 amended return, however, reflected adjusted gross income of $12,170.16 and a tax liability of $1,003, computed as follows: Income
Wages
$ 6,524.67 Interest
1,253.40 Schedule C net profit
Thomas
6,189.00 Suzanne
3,625.60 Rental loss
(1,711.52)
Fully taxable pensions &
annuities
1,124.96 Family trust loss
(4,862.20)
Amway income
26.25 AGI
$12,170.16 Tax
Tax (per tax tables)
$ 1,003.00 Self-employment tax
Tax on IRA
Tax liability
$ 1,003.00 The tax liability reported by petitioners on this amended return was assessed by respondent. That assessment, however, was not reflected in the statutory notice, so that the deficiency determined by respondent therein was erroneously overstated by $1,003. [3]
On April 13, 1982, respondent *700 filed a motion for summary judgment pursuant to Rule 121. As the basis for his motion respondent relies on the facts deemed admitted under Rule 90 as well as the facts admitted in the pleadings. He also relies on petitioners' alleged failure to raise in their petition any issue of fact other than those with respect to which specific assignments of error were pleaded. On April 26, 1982, petitioners' counsel entered his appearance in this case. On August 2, 1982, petitioners filed a response opposing respondent's motion for summary judgment as well as a supporting memorandum. They stated therein that for the purposes of this response in opposition to Respondent's Motion, Petitioners admit that the facts of this case are established by the pleadings and pursuant to Tax Court Rule 90, certain admissions having been deemed admitted. Petitioners further state that they are bound, as is Respondent, to the burden as well as the benefit of all such admissions that appear of record. Nevertheless, petitioners specifically deny, without the affidavits, exhibits, or other support required by Rule 121(d), several matters included within respondent's requests for admission. They also *701 deny they raised no issues in their petition other than those identified by respondent. Furthermore, petitioners complain that respondent has allocated to them the income, but not the deductions, of their family trust. [4] However, they do not specify exactly what deductions might be involved or the amounts thereof. Finally, they argue that respondent is estopped to assert any deficiency against them because of his acceptance of their August 1980 amended return; they also question this Court's jurisdiction for that same reason. At the hearing in San Antonio on December 6, 1982, petitioners filed a motion for relief from deemed admissions pursuant to Rule 90(e) and a motion for leave to amend petition. In their Rule 90(e) motion petitioners pray for relief from only one matter set forth in respondent's three requests for admissions: Petitioners have no quarrel with most of the Admissions which have been deemed admitted by the automatic operation of Rule 90. Petitioners, however, pray that this Court relieve them from the *702 effect of deemed Admission No. 10 which stated, "10. Petitioners did not incur a deductible trust loss in any amount during 1978." Petitioners pray for relief from this Admission only to the extent that the losses claimed on the 1041 fiduciary trust return for 1978 would be legitimate deductions even if claimed on the personal returns of Petitioners. 3. Unless Petitioners are granted relief from the above Admission, Petitioners might not be allowed a deduction for $677.32 for home mortgage interest, $28.85 for interest paid on a condominium, $8.03 for taxes paid on their telephone, $83.00 in sales tax, and $23.00 in gasoline tax all of which were calculated as deductions on the 1041 for the taxable year of 1978 filed by the Tumlinson Family Trust. The trial on the merits of this case would [be] subserved by relief from the deemed Admission of Request No. 10 and so would the interest of Justice.
In their motion for leave to amend petition, the petitioners once again advance their estoppel argument and complain that respondent allocated to them the income but not the deductions of their family trust. They pray for additional time within which to amend their return [sic] so *703 as to protect their right to claim the legitimate business deductions which the Commissioner failed to allocate to Petitioners when the income from their trust was reattributed to them, personally, for tax purposes. However, in their amended petition, which was lodged with the Court, petitioners do not appear to so limit the issues which they attempt to raise therein. We have not found this case to be particularly satisfying.The record before us is sketchy. The case appears to revolve around a family trust but we have been told very little about it. In addition, the various returns filed by petitioners are confusing because of the inconsistent treatment of the items reported therein. All of this is compounded by the seemingly contradictory positions taken by petitioners before this Court and by respondent's failure to be more precise in his requests for admissions. Be this as it may, we have tried our best to reach a just result. Motion for Summary Judgment
We shall begin with respondent's motion for summary judgment. Petitioners contend that because respondent accepted their August 1980 amended return before he issued the notice of deficiency, he is estopped from *704 asserting a deficiency and this Court is without jurisdiction to hear this case. We flatly disagree.
Section 6213 confers jurisdiction on this Court to redetermine deficiencies determined by the Commissioner in income, estate, gift, and certain excise taxes. See also section 7442. The term "deficiency" is defined by section 6211(a) to mean the amount by which the tax imposed * * * exceeds the excess of-- (1) the sum of (A) the amount shown as the tax by the taxapyer upon his return * * * plus (B) the amounts previously assessed * * * as a deficiency, over-- (2) the amount of rebates * * * made. In the present case respondent determined in the statutory notice that petitioners' income tax liability for 1978 exceeds the amount of tax ($ -0-) reported on their original return. [5] In other words, he determined that a deficiency exists. That determination, combined with the facts that the amount of the tax imposed as a result of that determination exceeds the amount shown on the original and amended return (which was assessed), and petitioners' timely-filed petition, gives us *705 jurisdiction to redetermine that deficiency. Hannan v. Commissioner,52 T.C. 787, 790-791 (1969); Rule 13(a) and (c). The fact that petitioners filed an amended return before the notice of deficiency was issued is of no consequence to our jurisdiction. Section 301.6211-1(a), Proced. & Admin. Regs., provides that in the case of an amended return filed after the statutory due date, any amount shown as additional tax (other than amounts which the taxpayer is protesting rather than admitting) "shall be treated as an amount shown by the taxpayer 'upon his return' for purposes of computing the amount of a deficiency." Accordingly, the Commissioner determines a deficiency if he determines that a taxpayer's tax liability exceeds the amount of tax reported on his or her return plus the amount of additional tax reported on the amended return. See Pesch v. Commissioner,78 T.C. 100, 110-112 (1982). Respondent's failure to take into consideration petitioners' *706 amended return when he issued the notice of deficiency is certainly consequential to the ultimate disposition of this case on the merits. (See footnote 3, the related discussion in the text, and Rule 155.) That failure, however, is inconsequential to our jurisdiction. As we have previously said, it is "the Commissioner's determination of a deficiency that provides a predicate for Tax Court jurisdiction." Hannan v. Commissioner,52 T.C. at 791; emphasis in the original. We turn now to the question of estoppel. We begin by noting that the doctrine of estoppel is to be applied against the Commissioner "with utmost caution and restraint." Schuster v. Commissioner,312 F.2d 311, 317 (9th Cir. 1962), affg. 32 T.C. 998 (1959) and revg. 32 T.C. 1017 (1959). See Manocchio v. Commissioner,78 T.C. 989, 1000 (1982), on appeal (9th Cir., Sept. 20, 1982).This is because "the policy in favor of an efficient collection of the public revenue outweighs the policy of the estoppel doctrine in its usual and customary context. *707 " Schuster v. Commissioner,supra at 317. However, the doctrine may apply "in those rare instances where the equitable interest of the party asserting estoppel is 'compelling' and the loss which it would sustain is 'unwarrantable' and 'unconscionable.'" Estate of Zac Emerson v. Commissioner,67 T.C. 612, 618 (1977), citing Schuster v. Commissioner,supra at 317, 318. See also Underwood v. Commissioner,63 T.C. 468, 477-478 (1975), affd. 535 F.2d 309 (5th Cir. 1976). In our opinion this case is simply not one of those rare instances where the doctrine of estoppel can even be seriously considered. All that respondent has done is to assess the tax reported by petitioners on their amended return.There is no suggestion that this return was not voluntarily filed or that respondent made any representation as to its effect or that he did anything to induce petitioners to file it. Where, then, is the injustice that cries out for an estoppel? Petitioners do not tell us. We think there is none. Their contention must therefore be rejected. See Estate of Dula v. Commissioner,23 T.C. 646, 653 (1955), *708 affd. sub nom. Polt v. Commissioner,233 F.2d 893, 897 (2d Cir. 1956), where we dismissed a similar contention. Cf. Owens v. Commissioner,50 T.C. 577, 583 (1968) (the tentative allowance of overpayments claimed on the taxpayers' returns did not estop the Commissioner from later asserting deficiencies against them); Easter v. Commissioner,338 F.2d 968, 969-970 (4th Cir. 1964), affg. per curiam a Memorandum Opinion of this Court ("* * * the acceptance of returns filed by a taxpayer in earlier years and the acquiescence in the taxpayer's depreciation basis and useful life figures contained therein for the purpose of approving tax refunds will not support an estoppel argument or bar the Commissioner's action in correcting a mistake in the taxpayer's prior returns when it is detected by him within the period of limitations"). Although we find petitioners' estoppel argument to be without merit, we are unable to grant respondent's motion for summary judgment insofar as it seeks an adjudication in his favor of all of the issues involved in this case. Respondent's motion is based primarily on his requests for admissions. Because *709 petitioners did not answer those requests within the period specified by Rule 90(c), each matter contained therein is deemed admitted for purposes of this case. Freedson v. Commissioner,65 T.C. 333, 335 (1975), affd. 565 F.2d 954 (5th Cir. 1978); Rule 90(c) and (e). Accordingly, it is established that for 1978 petitioners received wages in the amount of $6,524.67, interest in the amount of $1,253.40, net self-employment income (Thomas) in the amount of $6,579.95, net self-employment income (Suzanne) in the amount of $3,746.80, and a taxable distribution from an IRA in the amount of $1,124.96, and that for the same year they incurred a rental loss in the amount of $1,711.52 but no trust loss. However, the deficiency determined by respondent was based in part on his determination that petitioners are liable for self-employment tax in the amount of $836.47 and an IRA penalty tax for a premature distribution in the amount of $112.50. In their petition the petitioners expressly assigned error to respondent's determination that they are liable for those two taxes. In his requests for admissions, however, respondent did not ask petitioners to admit liability *710 for them. [6] Their liability for each tax is therefore an issue with respect to which summary judgment is inappropriate at this time. In order to avoid any possible confusion, we hasten to add that the bases against which the self-employment tax rate and the IRA penalty tax rate should be applied if petitioners are in fact liable for those taxes (i.e., $6,579.95, $3,746.80, and $1,124.96, respectively) are no longer issues in this case, those bases having been established by respondent's requests for admissions and the operation of Rule 90(c) and (e). In the notice of deficiency respondent also determined additions to tax under section 6651(a), 6653(a), and 6654. Although petitioners did not expressly assign error to this determination, they did place in dispute the dollar amount of the three additions. [7] In his requests for admissions respondent did not ask petitioners to admit any matters expressly dealing *711 with the additions, except that their 1978 return was delinquently filed. That fact is established for purposes of this case.Nevertheless, petitioners would not be liable for the addition to tax under section 6651(a) if the delinquency was due to reasonable cause and not due to willful neglect. "Reasonable cause" and "willful neglect" present genuine issues of material fact. Similarly, petitioners would not be liable for the addition to tax under section 6654 if one of the exceptions of section 6654(d) were applicable. Finally, we do not think the record in this case has been sufficiently developed for us to determine at this time whether petitioners are liable for the addition to tax under section 6653(a). In sum, petitioners' liability for each of the three additions to tax is not an issue which is appropriate for summary judgment at this time. In view of the foregoing, respondent's motion will be granted to the extent that it seeks a summary adjudication in his favor of (1) the seven adjustments to income set forth in the notice of deficiency and (2) *712 the bases against which the self-employment tax and the IRA penalty tax should be applied if petitioners are in fact liable for those taxes. Respondent's motion should be denied to the extent that it seeks a summary adjudication in his favor of (1) petitioners' liability for the self-employment tax and the IRA penalty tax and (2) the additions to tax under sections 6651(a), 6653(a), and 6654. See Rule 121(b) ("A partial summary adjudication may be made which does not dispose of all the issues in the case"); cf. Mullenaux v. Commissioner,T.C. Memo. 1979-293. Motion for Relief From Deemed Admissions
We turn now to petitioners' motion for relief from deemed admissions. Petitioners filed this motion pursuant to Rule 90(e), which provides in part as follows: Any matter admitted under this Rule is conclusively established unless the Court on motion permits withdrawal or modification of the admission. Subject to any other orders made in the case by the Court, withdrawal or modification may be permitted when the presentation of the merits of the case will be subserved *713 thereby, and the party who obtained the admission fails to satisfy the Court that the withdrawal or modification will prejudice him in prosecuting his case or defense on the merits. [Emphasis added.] Under the express terms of the rule, withdrawal or modification of an admission is discretionary with the Court. Petitioners do not allege that they never received respondent's requests for admissions. Furthermore, they offer no reason whatsoever why they neglected to respond to them. Nevertheless, they pray to be relieved from the effect of paragraph number 10 of respondent's first request for admissions: The petitioners did not incur a deductible trust loss in any amount during 1978. However, they pray to be relieved from this admission "only to the extent that the losses claimed on the 1041 fiduciary trust return for 1978 would be legitimate deductions even if claimed on the personal returns of Petitioners." We are not particularly sympathetic towards petitioners. On the other hand, we do not think they should be foreclosed from claiming certain deductions to which they may be entitled. Accordingly, we will hold petitioners to the admission in question but allow *714 them the opportunity to prove that they are entitled to deduct the expenses (1) which they originally scheduled as the components of their $1,080.20 trust loss; [8] and (2) which were claimed as "other deductions" on the fiduciary income tax return which petitioners filed for the "Tumlinson Trust" for 1978; [9] but no others. However, petitioners may only deduct these expenses if they (the expenses) qualify as, and are otherwise deductible as, excess itemized deductions within the meaning of section 63(c). We think this limitation is justified because most, if not all, of the expenses in question appear to be personal. Furthermore, the conclusive effect of the other matters in the admission requests (i.e., those other than number 10) could be compromised if we permitted deductions from gross income ("above-the-line" deductions). See section 62. We have therefore chosen to limit petitioners to deductions from adjusted gross income, i.e., excess itemized deductions ("below-the-line" deductions). Thus, for example, should a Schedule C deduction be found lurking among the expenses enumerated in footnotes 8 and 9, supra, it will not be allowed, even though petitioners might otherwise *715 be entitled to claim it. Motion for Leave to File Amended Petition
Finally, we come to petitioners' motion for leave to file amended petition. The ground for their motion appears to be the same as that for their Rule 90(e) motion. However, their amended petition, which was lodged with the Court, seems to raise issues which have been laid to rest by respondent's requests for admissions. Accordingly, *716 their motion for leave to amend will be denied. We think the interests of justice are fully served by the action we take in respect of respondent's motion for summary judgment and petitioners' motion for relief from deemed admissions.Cf. Rule 41(a). An appropriate order will be entered.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable years in issue.↩
2. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
3. Respondent also assessed an addition to tax under section 6651 (a)(1) which was similarly not reflected in the notice of deficiency. His counsel has stated that these errors were inadvertent and that they will be corrected in the Rule 155 computation.↩
4. We note, however, that the fiduciary income tax return which petitioners filed for their family trust for 1978 reported no gross income whatsoever.↩
5. No amount was previously assessed as a deficiency and there are no rebates involved in this case.↩
6. Thus, for example, petitioners might not be liable for the IRA penalty tax because the distribution to the individual for whose benefit the amount was established may not have been made before such individual attained the age of 59-1/2. See section 408(f)(1).↩
7. But see Rule 34(b)(4).↩
8. These expenses, which appear on a handwritten schedule attached to the original joint income tax return for 1978, are as follows: ↩
Medical insurance
$ 208.00
Medical and dental expenses
52.00
Gas tax
23.00
Sales tax
83.00
Home mortgage interest
677.32
Condominium interest
28.85
Telephone taxes
8.05
$1,080.20
9. These expenses, which appear on a handwritten schedule attached to the 1978 fiduciary tax return, are as follows: ↩
Home mortgage payments
$ 2,200.00
Condominium mortgage payments
2,152.00
Condominium maintenance fees
739.59
Condominium down payment
4,880.00
Motorhome down payment
3,029.00
Motorhome mortgage payments
1,528.03
Utilities
649.02
Telephone
75.47
Cost of establishing trust
3,000.00
$18,253.11