JOSEPH E. KLIMEK and MAGDELENE M. KLIMEK v. COMMISSIONER OF INTERNAL REVENUE SERVICE, Respondent.
Klimek v. Commissioner
Docket No. 18132-82.
United States Tax Court
T.C. Memo 1984-246; 1984 Tax Ct. Memo LEXIS 433; 48 T.C.M. (CCH) 50; T.C.M. (RIA) 84246; May 7, 1984. Joseph E. Klimek, pro se. Michael S. Adelman, for the respondent. DRENNEN
MEMORANDUM OPINION DRENNEN, Judge: This case was assigned to and heard by Special Trial Judge Joan Seitz Pate pursuant to section 7456, Internal Revenue Code of 1954, as amended, Rules 180 and 181 of the Tax Court's Rules of Practice and Procedure, and General Order *434 No. 8 of this Court, 81 T.C. XXIII (1983). [1]
OPINION OF THE SPECIAL TRIAL JUDGE PATE, Special Trial Judge: Respondent determined deficiencies in petitioners' 1978 Federal income taxes in the amount of $5,516 and an addition to tax pursuant to section 6653(a) in the amount of $276. [2]
Petitioners timely filed a petition with this Court in which they alleged their residence was Newtown, Pennsylvania. In their petition, they made various allegations of a tax-protester nature. For instance, they alleged that they disagreed with the Notice of Deficiency as they were not required to file an income tax return, that they were assessed without "due process", that they were denied a jury trial, and that this Court is without jurisdiction in the matter. This case was tried in Philadelphia, Pennsylvania on *435 September 27, 1983. At that time, Joseph E. Klimek (hereinafter referred to as "petitioner") refused to be sworn as a witness or present any evidence as to the substantive issues raised in the Notice of Deficiency. Instead, petitioner addressed only the question of the jurisdiction of this Court. Petitioner persisted in refusing to address the substantive issues of this case even after having been advised repeatedly by this Court that he would not have another opportunity to present evidence in this matter. On January 10, 1984, petitioner filed with this Court a document which has been treated as petitioner's brief. Again, petitioner only addressed the issue of the jurisdiction of this Court. On February 10, 1984, respondent filed a Motion to Dismiss for Failure to Properly Prosecute. Petitioner responded to such motion on March 19, 1984. We deny such motion, but for the reasons stated herein, our decision is for respondent after due consideration of the record made at the time of trial. First, the jurisdictional arguments raised by petitioners at trial and in brief are nothing more than a repetition of stale arguments. It has been decided that this Court is a court *436 of record duly established under Article I of the Constitution, and that it is duly empowered to hear and decide cases within the authority entrusted to it, such as this case. Rowlee v. Commissioner,80 T.C. 1111 (1983); Burns, Stix Friedman & Co. v. Commissioner,57 T.C. 392 (1971). When petitioner filed a timely petition in this Court he subjected himself to the jurisdiction of this Court. Secs. 6213; 6214(a); see Dobson v. Commissioner,320 U.S. 489 (1943); Adams v. Commissioner,72 T.C. 81, 86 (1979); LTV Corporation v. Commissioner,64 T.C. 589 (1975); Hannan v. Commissioner,52 T.C. 787 (1969). Second, petitioner claims that he has been wrongfully denied a jury trial. The Seventh Admendment does not apply to suits against the United States, because there was no common law action against the sovereign. McElrath v. United States,102 U.S. 426, 440 (1880). Thus, it has repeatedly been held that there is no constitutional right to a jury trial in the Tax Court. Phillips v. Commissioner,283 U.S. 589, 599 n. 9 (1931); McCoy v. Commissioner,696 F.2d 1234 (9th Cir. 1983), *437 affg. 76 T.C. 1027 (1981); Lonsdale v. Commissioner,661 F.2d 71, 72 (5th Cir. 1981), affg. a Memorandum Opinion of this Court; Dorl v. Commissioner,507 F.2d 406 (2d Cir. 1974), affg. 57 T.C. 720 (1972). The balance of the legal arguments presented by petitioners are so frivolous as not to warrant further comment by this Court. Further, with regard to the substantive issues in this case, the determinations made by the respondent in his notice of deficiency are presumed correct and the burden of proof is on the petitioners to show those determinations are wrong. Welch v. Helvering,290 U.S. 111 (1933); Rockwell v. Commissioner,512 F.2d 882, 887 (9th Cir. 1975); Rule 142(a). The petitioner did not present any evidence that the determinations of the Commissioner were incorrect. Consequently, we find for the respondent in the amount of the deficiency in income tax and the addition to tax as stated in the statutory notice. We also find that petitioners have instituted this proceeding with no reasonable expectation of receiving a favorable decision and, therefore, their position is *438 frivolous. We thus conclude that the proceeding was instituted merely for delay. The arguments presented here have long since been settled by this Court and many other courts. No reasonably prudent person could have expected this Court to reverse itself in this proceeding. See Sydnes v. Commissioner,74 T.C. 864, 872 (1980), affd. 647 F.2d 813 (8th Cir. 1981). When the costs incurred by this Court are taken into consideration, the damages authorized by section 6673 do not even begin to indemnify the United States for the expenses which petitioner's frivolous action have occasioned. Considering the waste of limited judicial resources caused by petitioner's actions, and our conclusion that this case was brought merely for delay, the Court on its own motion hereby awards damages authorized by law under section 6673 in the amount of $500. [3]
*439 Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. The Notice of Deficiency added to the income reported by petitioner $188 of interest income, $1,997 of dividend income, and $9,813 distribution from a pension or profit sharing plan.↩
3. Section 6673, as in effect for proceedings instituted in this Court prior to January 1, 1983, provided--"Whenever it appears to the Tax Court that proceedings before it have been instituted by the taxpayer merely for delay, damages in an amount not in excess of $500 shall be awarded to the United States by the Tax Court in its decision. Damages so awarded shall be assessed at the same time as the deficiency and shall be paid upon notice and demand from the Secretary and shall be collected as a part of the tax." We take this opportunity to advise petitioner that for petitions filed in this Court after December 31, 1982, section 6673 permits this Court to impose damages up to $5,000 when proceedings have been instituted or maintained by the taxpayer primarily for delay or where the position in such proceedings is frivolous or groundless. See sections 292(b) and (e)(2), Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. 97-248, 96 Stat. 324, 574.↩