FREDERICKSBURG SAVINGS AND LOAN ASSOCIATION, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Fredericksburg Sav. & Loan Ass'n v. Commissioner
Docket No. 12376-86
United States Tax Court
T.C. Memo 1995-166; 1995 Tax Ct. Memo LEXIS 160; 69 T.C.M. (CCH) 2390; April 11, 1995, Filed *160 Decision will be entered under Rule 155. For petitioner: Donald W. Piacentini and Paula L. Peaden. For respondent: John C. McDougal. WELLS
WELLS
MEMORANDUM OPINION WELLS, Judge: Respondent determined the following deficiencies in petitioner's Federal income tax: Taxable Years Deficiency
1968
$ 2,005
1969
166
1970
93,296
1971
158,700
1972
199,877
1973
131,103
1974
256,412
1975
69,483
1977
11,945
1980
298,460
1981
41,143
After concessions, the issues remaining to be decided are: (1) Whether the Treasury's reversal of a longstanding interpretation of section 593(b)(2)(A) in section 1.5936A(b)(5)(vi) and (vii), Income Tax Regs., is valid; and (2) whether such regulations may be applied retroactively. All section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. All of the facts and certain documents have been stipulated by the parties pursuant to Rule 91. The parties' stipulations are incorporated herein by reference and are found accordingly. Petitioner is a mutual savings and loan association with its principal place of business in Fredericksburg, *161 Virginia. During the years in issue, petitioner was an institution described in section 593(a)(1) and filed its Federal income tax returns on a calendar year basis. For taxable year 1980, petitioner claimed a net operating loss (NOL) within the meaning of section 172(c) which it carried back to its 1970 through 1975 taxable years pursuant to section 172(b). The carryback of the 1980 NOL resulted in the carryover of investment tax credits to petitioner's 1968 through 1977 tax years. Petitioner timely filed Corporation Applications for Tentative Refund (Form 1139) for all taxable years affected by the NOL carrybacks and related investment tax credit carryovers and carrybacks. During taxable years 1970 through 1977, petitioner claimed deductions for additions to its reserve for bad debts under the "percentage of taxable income" method provided in section 593(b)(2)(A). In conjunction with petitioner's filing of its tentative refund applications stemming from its carryback of the 1980 NOL, petitioner recomputed its allowable bad debt deductions under the percentage of taxable income method for such affected years in accordance with the then-existing section 1.5936A(b)(5)(vi) and *162 (vii), Income Tax Regs. The recomputation resulted in smaller deductions for the additions to its reserve for bad debts. Following the filing of the tentative refund applications, respondent conducted an examination of petitioner's tax returns for its taxable years 1968 through 1983. Following the examination, respondent mailed petitioner a notice of deficiency, in which respondent determined the deficiencies set forth above, with respect to petitioner's 1968 through 1975, 1977, 1980, and 1981 taxable years. Subsequently, during 1990, in a case involving a similarly situated taxpayer under essentially the same set of circumstances, this Court held section 1.593-6A(b)(5)(vi) and (vii), Income Tax Regs., invalid to the extent that a taxpayer's computation of taxable income is required to reflect any NOL carryback before the deduction for the addition to the bad debt reserve is calculated. Pacific First Fed. Sav. Bank v. Commissioner, 94 T.C. 101 (1990), revd. and remanded 961 F.2d 800 (9th Cir. 1992) (Pacific First). Thereafter, petitioner, without objection by respondent, amended its petition in the instant case to *163 raise the issue of the application of section 1.593-6A(b)(5)(vi) and (vii), Income Tax Regs.
The issues arising out of respondent's determinations in the notice of deficiency have been settled, and only the issues pertaining to the validity of the regulation and its retroactive application remain for our decision. [1] Petitioner argues that we should adhere to our prior position in Pacific First, Peoples Fed. Sav. & Loan Association v. Commissioner, T.C. Memo. 1990-129, revd. and remanded 948 F.2d 289 (6th Cir. 1991) (Peoples Federal), and Georgia Fed. Bank v. Commissioner, 98 T.C. 105 (1992) (Court reviewed), vacated and remanded by agreement of the parties (11th Cir., July 12, 1994). Petitioner contends, inter alia, that the regulations in issue are invalid because they reverse a longstanding, reasonable provision of the regulations, thereby upsetting a carefully crafted legislative compromise setting the effective level of taxation of the mutual savings bank industry. Respondent, on the other hand, argues that we should reconsider our position and uphold the regulations in light of *164 the reversal of the decisions of this Court by the Courts of Appeals for the Sixth and Ninth Circuits in Peoples Federal and Pacific First. Subsequent to the filing of the parties' briefs, this Court was reversed as well by the Court of Appeals for the Seventh Circuit in Bell Fed. Sav. & Loan Association v. Commissioner, 40 F.3d 224 (7th Cir. 1994), revg. and remanding T.C. Memo. 1991-368. [2]
*165 Recently, in Central Pa. Sav. Association v. Commissioner, 104 T.C.    (1995) (Court reviewed), this Court reconsidered the issues involved in the instant case. In Central Pennsylvania, after expressing reservations about the reasoning of the Courts of Appeals, this Court nevertheless "acceded" to the decisions of the Courts of Appeals upholding the validity of the regulations. Additionally, in Central Pennsylvania, in accordance with our opinion in Pacific First Fed. Sav. Bank v. Commissioner, 101 T.C. 117 (1993), this Court held that the revision of the effective date of the regulations, which made the regulations retroactive for NOL's occurring after 1978, was a permissible exercise of the discretion conferred on Commissioner by section 7805(b). Accordingly, pursuant to this Court's opinion in Central Pennsylvania, we hold for respondent on the issues presented for decision. Accordingly, to reflect the foregoing, Decision will be entered under Rule 155. Footnotes
1. This Court retains jurisdiction to determine an overpayment for the years at issue even though the deficiencies determined in respondent's notice of deficiency have been settled. Sec. 6512(b); Hannan v. Commissioner, 52 T.C. 787, 791↩ (1969).
2. Absent a stipulation to the contrary, the instant case is appealable to the Court of Appeals for the Fourth Circuit and therefore is not controlled by the decisions of the Courts of Appeals for the Sixth, Seventh, and Ninth Circuits. See Golsen v. Commissioner, 54 T.C. 742 (1970), affd. 445 F.2d 985↩ (10th Cir. 1971).